MARY L. MOSES, *Plaintiff in Error*, v. V. M. AUTUONO, *Defendant in Error*.

56    499
·j60    150
f60    426

1. Where a contract expressly provides stipulated or liquidated damages for a particular breach of the contract, and the breach alleged is not the one provided for or contemplated in fixing the measure of damages, the loss, if any, sustained by the plaintiff because of the alleged breach of the contract should be determined not by the stipulation contained in the contract, but by the law.

Moses v. Autuono.—Syllabus.

2. Under a general allegation of damages in an action on a contract, such damages as the law holds to be the direct, natural and necessary result of the breach complained of may be recovered. Special damages are those that do not necessarily but do directly, naturally and proximately result from the beach, and they may be recovered in proper cases on sufficient allegations and proofs.

3. For a breach of a contract to lease lands and tenements, the law contemplates compensation for losses that are the natural and proximate result of the breach. In general the measure of damages is the difference between the stipulated rent and the value of the use of the premises.

4. In an action for a breach of a contract for the lease of lands and tenements, under special circumstances warranting it, damages may be recovered for losses that are the natural, direct and necessary consequences of the breach when such damages are capable of being estimated by reliable data and are such as should reasonably have been contemplated by the parties.

5. When an action for breach of a contract to lease lands and tenements is brought, if the plaintiff by reasonable exertions or care could have prevented damages resulting to him by reason of the defendant's breach of the contract, he cannot recover therefor.

6. Where liquidated damages are stipulated for to compensate for failure to complete a contract, such liquidated damages may not be applicable where there is a refusal to perform any part of the contract, when it is apparent that the parties in stipulating for liquidated damages did not contemplate such refusal but only a failure to complete the contract within a specified time.

This case was decided by Division A.

Writ of Error to the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the court.

*E. R. Gunby* and *Glen & Himes,* for plaintiff in error.

*Sparkman & Carter* and *Geo. P. Raney, Jr.,* for defendant in error.

WHITFIELD, J.—The defendant in error on January 7, 1907, brought an action in the circuit court for Hillsborough county against the plaintiff in error to recover damages for the breach of a contract dated April 9, 1906, whereby the defendant here agreed to "at once commence the construction and to complete with reasonable time and dispatch a three story brick building" equipped in a specified manner on certain lots in the City of Tampa, and to lease the same to the plaintiff for five years beginning October 1, 1906, at a monthly rental of $200.00 in advance, with the privilege of renewing the lease for another five years at a rental to be agreed on. The contract made a part of the declaration contains the following provision: "It is further agreed that if the said party of the first part shall not complete and turn over to the party of the second part said three story brick building by the first day of October, A. D. 1906, then the said party of the first part shall pay to the party of the second part the sum of Ten ($10.00) Dollars for each day thereafter until said building is completed, and turned over to the said party of the second part," provided general strikes did not interfere.

The declaration alleges "that the defendant, regardless of her duty and legal obligation to the plaintiff, has failed wholly to keep said agreement and has not even commenced the construction of said building, and on May 9, 1906, duly notified the plaintiff that it would be impossible for him to build and complete said building, and that he (meaning the plaintiff) could govern himself accordingly." Plaintiff claims $20,000.00 damages.

A demurrer to the declaration was overruled. Pleas tendering issues as to the damages sustained by the plaintiff were stricken or demurrers thereto sustained and the court entered the following judgment: "It is considered by the court that the contract between the plaintiff and the defendant was one for the breach of which the damages were by agreement liquidated, and second, that the contract was an entire one and that upon an entire breach of it the plaintiff was entitled to recover both past and prospective damages in this suit; it is thereupon ordered and adjudged that the demurrer to said pleas be and the same is hereby sustained; and the defendant having announced in open court that she did not desire to further plead, final judgment is entered in favor of the plaintiff and against the defendant for the amount of liquidated damages set out in the declaration, to-wit: Eighteen Thousand ($18,000.00) Dollars, which judgment is based solely upon the contract annexed to the declaration, and without the introduction of evidence except the written pleadings. It is thereupon considered by the court that the plaintiff do have and recover of and from the defendant his damages of Eighteen Thousand ($18,000.-00) Dollars and the costs of this suit, to be taxed by the clerk."

A writ of error from this court was taken by the defendant.

The stipulation contained in the contract as to the measure of damages does not cover any and all breaches of the contract, but specifically refers to a breach in failing to "complete and turn over to the party of the first part, said three story brick building by the 1st day of October, A. D. 1906." This provision contemplates only a breach in delaying the completion of the building which the defendant agreed to build and lease to the plaintiff.

It does not contemplate, or provide the measure of damages for, the breach of the contract alleged, that the defendant "failed wholly to keep said agreement and has not even commenced the construction of said building, and on May 9, 1906, duly notified the plaintiff that it would be impossible for her to build and complete said building, and that plaintiff could govern himself accordingly." Such a breach is a total failure to perform any part of the contract, not a failure to complete it.

Where a contract expressly provides stipulated or liquidated damages for a particular breach, and the breach alleged is not the one provided for or contemplated in fixing the measure of damages, the loss, if any, sustained by the plaintiff because of the alleged breach of the contract should be determined not by the stipulation contained in the contract, but by the law. See Williams v. Vance, 9 S. C. 344, 30 Am. Rep. 26; National Contracting Co. v. Hudson River Water Power Co., 103 N. Y. Supp. 641; Fidelity & Deposit Co. of Maryland v. Robertson, 136 Ala. 379, 34 South. Rep. 933; Murphy v. United States Fidelity & Guaranty Co., 100 App. Div. 93, 91 N. Y. Supp. 582; Curnan v. Delaware & O. R. Co., 138 N. Y. 480, 34 N. E. Rep. 201; 1 Sedgwick on Damages (8th ed.) Sec. 419.

This action is for damages for a breach of the contract by failing or refusing to perform any part of it; and as to the measure of damages for such a breach is not provided for in the contract, the orders and judgment of the court expressly awarding damages under the terms of the contract relating to a breach of a different character, are not in accordance with the requirements of the law.

The measure of damages for the breach alleged is to be determined by the application of proper rules of law, and not by the terms of the contract.

Under a general allegation of damages in an action on a contract, such damages as the law holds to be the direct, natural and necessary result of the breach complained of may be recovered. Special damages are those that do not necessarily but do directly, naturally and proximately result from the breach, and they may be recovered in proper cases on sufficient allegations and proofs. See Jacksonville Electric Co. v. Batchis, 54 Fla. 192, 44 South. Rep. 933; 5 Enc. Pl. & Pr. 739; 13 Cyc. 175; 2 Suth. on Damages, Sec. 418, 419; Benedict Pineapple Co. v. Atlantic Coast Line Ry. Co., 55 Fla. 514, 46 South. Rep. 732.

For a breach of contract to lease lands and tenements, the law contemplates compensation for losses that are the natural and proximate result of the breach. A party is in law held to have contemplated the natural and proximate results of his acts. In general the measure of damages is the difference between the stipulated rent and the value of the use of the premises. Under special circumstances warranting it, damages may also be recovered for losses that are the natural, direct and necessary consequences of the breach when they are capable of being estimated by reliable data and are such as should reasonably have been contemplated by the parties. If the plaintiff by reasonable exertions or care could have prevented damages resulting to him by reason of the defendant's breach of the contract, it was his duty to do so, and so far as he could have prevented losses to himself he cannot recover damages therefor. See Hodges v. Fries, 34 Fla. 63, 15 South. Rep. 682; Western Union Telegraph Co. v. Milton, 53 Fla. 484, 43 South. Rep. 495; Brigham v. Carlisle, 78 Ala. 243, 56 Am. Rep. 28. See also Smith v. Newell, 37 Fla. 147, 20 South. Rep. 249.

The judgment is reversed.

SHACKLEFORD, C. J., and COCKRELL, J., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.