## STANDARD GROWERS' EXCHANGE v. HOOKS et al.

Circuit Court of Appeals, Fifth Circuit.
November 22, 1927.

No. 4970.

1. **Sales** ⬅370—**Refusal of defendant to accept peaches delivered under contract of sale held to render it liable for consignment loss to plaintiffs.**

Refusal of defendant to accept peaches packed in baskets and left by plaintiffs at the agreed place of delivery under a contract of sale, and which peaches conformed to requirement of the contract, *held* to render it liable for the consignment loss to plaintiffs, from which it was not relieved because plaintiffs dumped the peaches out after they became spoiled in order to reuse the baskets.

2. **Damages** ⬅163(2)—**Claim that damages should have been mitigated is affirmative matter, to be proved by party who asserts it.**

Claim that damages should have been mitigated by the party entitled to damages is affirmative matter, burden of proving which is on party asserting it.

3. **Damages** ⬅68—**Instruction that interest on damages found for breach might be added to make up the verdict held not erroneous.**

Instruction that interest on amount of damages found for breach of contract, from time of breach, might be added to make up the verdict, *held* not erroneous.

In Error to the District Court of the United States for the Middle District of Georgia; William H. Barrett, Judge.

Action at law by T. W. Hooks and E. G. Jacobs, trading as the Wigwam Fruit Farm, against the Standard Growers' Exchange. Judgment for plaintiffs, and defendant brings error. Affirmed.

Bruce C. Jones, Orville A. Park, Jas. A. Lowrey, Jr., and Geo. S. Jones, all of Macon, Ga. (Jones, Jones & Johnston, of Macon, Ga., on the brief), for plaintiff in error.

Pope F. Brock, of Macon, Ga. (Brock, Sparks & Russell and A. O. B. Sparks, all of Macon, Ga., on the brief), for defendants in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. This was an action by the defendants in error (herein called plaintiffs), against the plaintiff in error (herein called defendant) to recover the amount of alleged losses sustained by the plaintiffs in consequence of alleged breaches by the defendant of a contract between the parties for the sale and delivery of peaches by the plaintiffs to the defendant; one of the items claimed being the contract price of 16,700 baskets of peaches of the kind contracted for, alleged to have been tendered to the defendant and rejected, less the resale price of 4,736 baskets of such peaches, and another item being for damages in a stated sum for peaches alleged to have been left ungathered in plaintiffs' orchard, because plaintiffs were prevented from picking and tendering the peaches by defendant's failure to supply baskets as stipulated in the contract, and otherwise breaching the contract. The defendant excepted to rulings of the court, which will be considered. [1] The court refused instructions requested by the defendant to the effect that plaintiffs were not entitled to recover the value of some 2,700 baskets of peaches which were placed by plaintiffs on the floor of a packing shed owned by plaintiffs and located on their land, which was the place named in the contract for delivering peaches. There was evidence tending to prove that those peaches were such as the contract called for, that they were refused by the defendant when they were duly tendered, and that after such refusal and after the peaches had become worthless they were hauled off by plaintiffs and dumped, to enable the plain-

tiffs to use the baskets containing them, such baskets being needed for use in delivering other peaches because of defendant's breach of its obligation under the contract to furnish an adequate supply of baskets. Under the above-mentioned phase of the evidence the defendant's refusal to accept those peaches rendered it liable for loss to the plaintiffs in consequence of such refusal, and that liability was not extinguished as a result of the plaintiffs dumping the peaches after they had been refused and become worthless. It follows that the rulings under consideration were not erroneous.

The court refused to give the following charge requested by defendant: "Plaintiffs seek to recover for some 40,000 baskets of peaches, which they claim were left in the orchards, and which they claim they were unable to gather, because of the failure of the defendant to furnish them with an adequate supply of picking baskets for gathering and delivering the crop after the defendant company inaugurated a system of inspection of peaches by wagon loads. I charge you that the plaintiffs are not entitled to recover the value of any peaches left ungathered in the orchards, because it appears that the plaintiffs could have themselves procured from other sources an adequate supply of these baskets, and it was their duty under the law to have done so."

[2] There was no evidence tending to prove at what price or cost the plaintiffs could have procured from other sources an adequate supply of baskets, or that, if the ungathered peaches had been gathered by the plaintiffs, they would have been worth the cost of gathering them, including the cost of the required baskets. A claim that damages should have been mitigated by the party entitled to damages is affirmative matter, the burden of proving which is on him who asserts it. 8 R. C. L. 656. The ruling under consideration was not erroneous, because the defendant did not sustain the burden of proving that the damages could have been reduced, or mitigated by the exercise by the plaintiffs of reasonable care and diligence.

[3] The court's charge to the jury contained the following: "Now, on the next two items, which are charged as damages for a breach of the contract, or either one of them, you are not entitled to find interest as such. In other words, you cannot, on the item covering the claim for the failure to receive 16,700 crates that the plaintiffs claim were in proper condition, and the amount of damage $7,040.40, if you find that was the damage, or $2,000, $5,000, or $1,000 damage, you could not say in your verdict that amount of damage, with interest from August 1, 1924; but you can, if you wish, after ascertaining what in your opinion was the damage, if any, for the breach of the contract for failure to receive the proffered fruit, you can take into consideration the fact of what might have been the interest and increase it in that amount; but the form of your verdict would be, 'We, the jury, find under the breach from the evidence so much money,' rather than so much money and interest, and that would be equivalent to saying the fruit injured in the orchard, according to the contentions of the plaintiffs."

There was no prejudicial error in this ruling, which amounted to saying that, while interest as such was not to be allowed, it could be added to the ascertained amount of damage from the date defendant became liable therefor. If the defendant became liable for those damages when they were incurred, and that liability was not then satisfied, interest from that date on the amount of such damages was allowable as compensation for the delay in making payment. The El Monte (C. C. A.) 252 F. 59.

No reversible error being shown by the record, the judgment is affirmed.