### REITER v GINOCCHIO

Ohio Appeals, 1st Dist, Hamilton Co

Decided April 17, 1933

308

H. P. Karch, Cincinnati, for planitiff in error.

Charles B. Ginocchio and Eugene B. Beck' man for defendant in error.

### OPINION

By ROSS, J.

The fact that rent is thus paid until October 15, 1931, is advanced by the defendant lessee as a defense to the action of the receiver for rent of the premises for four months from the date of his qualification as such, March 3, 1931.

That the lessee takes the premises subject to the recorded mortgage of his lessor is well established. 36 **Corpus Juris, 112**, §752; 19 Ruling Case Law, 555, 556.

That the rent was paid in advance cannot affect the rights of the parties. The lessee makes such payment at his peril in the face of the recorded mortgage, which is a lien upon the premises, of which he must take notice. The receiver is entitled to the rent from the date of his qualification, provided of course that the equity of redemption has at that time been foreclosed.

We have thus passed upon the questions presented, although we find that no judgment was entered in the Municipal Court. A motion for a new trial was filed after the finding of the court in the form of a judgment was entered. This motion was overruled and no subsequent judgment entered, as is held necessary in **Boedker v Warren E. Richards Co., 124 Oh St, 12, 176** NE, 660.

The Common Pleas Court therefore passed upon no judgment of the Municipal Court, and the judgment of the Common Pleas Court is reversed solely for this reason. The case will be remanded by the Common Pleas Court to the Municipal Court for judgment, and what has been said as to the merits will be considered the law of the case. The finding of the Municipal Court was correct, and judgment should have been entered in accordance therewith.

Judgment reversed.

HAMILTON, PJ, and CUSHING, J, concur.