### SCHWARTZ v. WESTBROOK.

#### No. 9116.

United States Court of Appeals District of Columbia.

Argued Feb. 7, 1946.

Decided April 1, 1946.

Mr. Bernard Margolius, of Washington, D. C., with whom Messrs. Leon M. Shinberg and Philip Shinberg, both of Washington, D. C., were on the brief, for appellant.

Mr. Irving B. Yochelson, of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and EDGERTON and CLARK, Associate Justices.

## PER CURIAM.

Plaintiff (appellee) sued defendant (appellant) for specific performance of a contract of lease, or, in lieu of specific performance, for damages arising from breach of the contract. The case by stipulation was tried to the judge without a jury, and recovery was allowed in the sum of $2,760, with interest and costs.

The court found as a fact that on February 4, 1941, the parties entered into a written ten-year lease, by the terms of which defendant was to erect and construct a building for use as a restaurant on certain property belonging to him in the District of Columbia, and to have the same ready for the occupancy of plaintiff on the first day of May, 1941, or as near to that date as possible. Plaintiff paid the first month's rent of $175 at the time the agreement was signed. Plaintiff, in order to be prepared to use the building when completed, purchased equipment and fixtures in the amount of $8,457.40, on which he paid $2,457.40 in March, 1941, and the balance in subsequent installments. The fixtures, some of which were built specially to fit the building, were delivered shortly before May 1, 1941. Defendant had not begun work by November 1, 1941, and in May, 1942, notified plaintiff that he was prevented from going forward because of a recorded covenant in his deed prohibiting the use of the property for commercial purposes. Plaintiff thereafter used the fixtures he had purchased in other places of business operated by him, with the exception of four specially designed units which he stored.

On this state of facts the court found that the equipment purchased by the plaintiff depreciated in value to the extent of $1,790 during the period from purchase to the date of notification of defendant's inability to erect the building; that storage charges for the fixtures amounted to $288; and that interest on plaintiff's investment in the fixtures for the period of one year was $507, which, together with the first month's rent paid in advance, aggregated $2,760, the amount of the judgment allowed.

Appellant's defense on the merits is based principally on the ground that the restrictive covenant being a matter of record, knowledge of its terms was equally available to plaintiff; that since both parties were unaware of its existence, the contract was one entered into by mutual mistake; and hence there can be no recovery on the contract. But we think the conclusion assumes too much.

The damages alleged by plaintiff in his complaint and recovered in the court below are only those losses sustained by reason of his necessary preparations to occupy the premises.[1] No claim is made for the loss of prospective profits during the term of the lease contract. Thus the question presented is a narrow one: Is the lessee chargeable with notice of the lessor's record title so that he may not recover the loss sustained in preparing to occupy the premises which the lessor is unable to deliver by reason of a limitation in his deed? We think not. Even though it be granted that, as to a stranger to the lease contract, the lessee is chargeable with notice of the record title to the land,[2] that situation is materially different from one where, as here, the lessor attempts to set up a restriction in his deed against one with whom he contracted to lease the property. It is obvious that here the defendant knew or should have known of the covenant. The deed under which he acquired the land and the

[1] Cf. United States v. Behan, 110 U.S. 338, 4 S.Ct. 81, 28 L.Ed. 168; American Can Co. v. Garnett, 9 Cir., 279 F. 722, certiorari denied 260 U.S. 722, 43 S.Ct. 12, 67 L.Ed. 481.

[2] Gulf, C. & S. F. Ry. Co. v. Thornton, Tex.Civ.App., 109 S.W. 220; Reiter v. Ginocchio, 45 Ohio App. 434, 187 N.E. 247.

report of the title company he employed at the time he purchased the property gave notice of the prohibition of its use for commercial purposes. Nevertheless, defendant entered a contract by which he impliedly warranted his title to the property and that the lessee would have quiet possession. See: 1 Tiffany, Real Property, 3rd Ed. 1939, §§ 90, 91, and cases cited. In the circumstances we do not think it incumbent upon the plaintiff to search his lessor's title. He may rely upon the warranty and, having done so, the negligence or forgetfulness of the defendant is no bar to his claim to be placed in the same position he would have been in had the contract not been made.

Appellant, however, challenges the amount of damages awarded for depreciation of the fixtures purchased by plaintiff, for interest on the expenditures of plaintiff and for the rental of storage space by plaintiff for certain of the fixtures. The allowance by the trial court of $175, the amount of the rent paid by plaintiff in advance is not contested.

■ The amount of $1,790 was allowed as depreciation on the purchased fixtures. Appellant does not contend that the measure of damage on this score was improper, but only that the record will not support the amount of recovery. The record shows that appellee's total investment on this account was $8,457.40, and that he reasonably expected to use the whole in the new building upon its completion May 1, 1941, as agreed. Appellee was notified May 1, 1942, exactly one year thereafter, that the building could not be erected. Accordingly, to reduce the loss, appellee used all the fixtures, except four units, in one or another of his other restaurants, and the four items mentioned were stored in a garage. Appellee's witness Richards estimated the cost of the four units as $1,725, and the depreciation as twenty per cent (20%), or $345. The trial court allowed depreciation on the whole lot, both that part used and that part stored. We think this was incorrect. There is no evidence of depreciation as to the items appellee installed in his other restaurant buildings and, so far as appears, appellee obtained their full value by use. The evidence will support a finding of only $345 depreciation chargeable to defendant.

■ The trial court allowed interest in the amount of $507 on the total purchase of $8,457.40 for one year. The record is involved and confused as to the particular date on which plaintiff converted to his own use a part of the purchased fixtures. On the other hand, as to the balance it is obvious that the loss extends over a greater period than one year. The trial court having found that a year's interest calculated on the entire purchase price fairly reflects the amount of loss sustained, we will not disturb the judgment as to this item.

■ The trial court allowed as part of the damages sustained the rental of a garage for storage of a part of the fixtures in the amount of $288. A careful search of the record fails to disclose a word of evidence of the rental value of the garage, cost of storage, or the actual time of storage, from which a conclusion of loss in this respect can be drawn. Accordingly, we think the amount of this item should be disallowed.

In total, the judgment should have been for $1,027. We shall therefore remand to the District Court, with instructions to require of plaintiff a remittitur of $1,733, or, upon failure thereof, to grant a new trial.

Reversed and remanded for further proceedings in accordance with this opinion.