**FINBERG TRADING COMPANY, a partnership composed of George A. Finberg and Francis A. Finberg, Appellant,**

v.

**The REPUBLIC OF CHINA, Appellee.**

**No. 15287.**

United States Court of Appeals, Fifth Circuit.

April 6, 1955.

Corenbleth & Jaffe, Dallas, Tex., Emil Corenbleth, Dallas, Tex., for appellant.

Royal H. Brin, Jr., Dallas, Tex., Strasburger, Price, Kelton, Miller & Martin, Dallas, Tex., of counsel, for appellee.

Before HOLMES and RIVES, Circuit Judges, and WRIGHT, District Judge.

HOLMES, Circuit Judge.

The appellant contracted in writing to sell to the appellee 3800 bales of cotton, and to deliver same on board a ship, consigned to appellee in Formosa. Only 3000 bales were actually delivered, and this suit was instituted by appellee against appellant to recover the difference between the contract price and the price of cotton purchased in the open market to replace the cotton not delivered. In May, 1953, the appellee learned that the shipments which had arrived at Formosa were eight hundred bales short. No notice having been received from appellant that it was not going to carry out its contract, the appellee considered that there was merely a delay as to said 800 bales, and that they would still be shipped. When it finally became apparent that they would not and that the contract had been breached, the appellee sought bids in the open market and pur-

chased the 800 bales at the best price obtainable.

■ The breach of contract in the present case was admitted by the appellant; the only excuse offered therefor was that cotton of the kind called for by the contract was not obtainable. This type of impossibility of performance is not a valid defense under the law of Texas, which governs our decision in this case; but the appellant contends that such cotton was available in March, 1953, at a price lower than the contract price. There was an issue of fact on this point, which the court below decided in favor of the appellee. Moreover, the appellant's representations in the correspondence led the buyer to refrain from making the purchase elsewhere until it became reasonably certain that the seller would not supply the 800 bales upon any satisfactory basis.

■ There was no anticipatory breach of this contract by either party; if there was, it was cloaked in silence. Both sides gave substantial evidence of a bona fide intention to comply with the contract, 3000 bales being tendered, accepted, and fully paid for under it. Only a comparatively minor number of bales was not delivered, and this delinquency was not asserted to be wilful or intentional. The seller never notified the buyer that it had repudiated the contract, and similar delays on the part of other shippers who had failed to deliver promptly were eventually corrected. These circumstances and the custom of the trade justified the buyer in believing that shipment would eventually be made, and support the trial court's holding that there was no lack of reasonable diligence on the part of the buyer in not making the replacement purchase until it did.

■ The contract called for cotton of a definite grade, staple, and character; it was of a classification that could not be bought immediately on any cotton exchange but had to be obtained selectively from producers of or dealers in spot cotton. Corbin on Contracts, Sec. 1039, declares that it is not necessary for the plaintiff to take steps to avoid losses, even though the defendant has actually committed a breach, so long as he has not definitely repudiated the contract and continues to assure the plaintiff that performance will take place.

In Watts v. Camors, 115 U.S. 353, 6 S.Ct. 91, 29 L.Ed. 406, the court held that even though a breach had occurred, if negotiations were thereafter pending between the parties, it was not necessary for the promisee to seek another contract with someone else during the time of such negotiations.

■■ Finally, under the facts of this case, we think that the appellee was not negligent in failing to act sooner, and that, even if it had acted sooner, it could not have made up the deficiency by a purchase during the intervening time at any lower price than it actually obtained. The burden of proving that damages should have been mitigated is on the party asserting it. Standard Growers' Exchange v. Hooks, 5 Cir., 22 F.2d 599, citing 8 R.C.L. 656; Campfield v. Sauer, 6 Cir., 189 F. 576. We find no reversible error in the record, and the judgment appealed from is affirmed.

Affirmed.