110 So.2d 651 (1959)
Emmett YOUNG, Appellant,
v.
Henry COBBS, Appellee.
Supreme Court of Florida.
April 10, 1959.
Allison & Robinson and Middleton McDonald, Miami, for appellant.
Broad & Cassel, Lewis Horwitz, Miami Beach, and L.J. Cushman, Miami, for appellee.
ROBERTS, Justice.
This is an appeal from a judgment entered by the trial court following the mandate of this court in Young v. Cobbs, Fla. 1955, 83 So.2d 417. Jurisdiction attaches under the policy declared by this court in Armenian Hotel Owners, Inc. v. Kulhanjian, Fla. 1957, 96 So.2d 896.
This suit was one for damages for wrongful eviction brought by the plaintiff-appellant, as lessee, against the defendant-appellee, as lessor. At the first trial the trial judge dismissed the complaint and entered judgment for the defendant on the ground *652 that no damages had been proved by plaintiff. This court reversed because of the trial judge's errors in (1) excluding evidence as to permanent improvements made by plaintiff on the leased premises and (2) declining to require the return to plaintiff of the security deposit made by plaintiff with the defendant at the inception of the lease, and remanded the cause for further proceedings.
After the going down of our mandate the trial judge heard evidence respecting the permanent improvements, such as plumbing and electrical work, made by the plaintiff to adapt the leased premises to use as a beauty salon  the use specified in the lease  and again declined to award special damages to plaintiff based on such improvements. He reasoned that, in its decision in the cause, this court had said that plaintiff was entitled to recover reasonable compensation "for the loss of the use of such improvements" for the unexpired term of the lease; and, finding that the premises were worthless as a beauty salon at the time of eviction, either with or without fixtures, he concluded that the plaintiff had not been damaged by "the loss of the use" of such improvements.
This reasoning is not without some justification in view of the language of our former opinion, quoted above. Reference to the case cited therein should, however, have clarified any ambiguity in this respect. In Wolf v. Megantz, 1915, 184 Mich. 452, 151 N.W. 622, the Michigan Supreme Court adopted the rule of Friedland v. Myers, 1893, 139 N.Y. 432, 34 N.E. 1055, as follows:
"If the property is leased for a special purpose, which is known to the lessor, and possession is refused because of a prior lease to another party, or of other fault of the lessor, the lessee may recover as damages his actual and necessary expenses incurred in preparing for the occupation of the property in the manner contemplated by the parties."
This is simply an application of the general law of damages for breach of a lease contract to this particular situation. In Moses v. Autuono, 1908, 56 Fla. 499, 47 So. 925, 20 L.R.A., N.S., 350, after pointing out that, in general, the measure of damages for breach of such a contract is "the difference between the stipulated rent and the value of the use of the premises," this court said:
"Under special circumstances warranting it, damages may also be recovered for losses that are the natural, direct, and necessary consequences of the breach when they are capable of being estimated by reliable data, and are such as should reasonably have been contemplated by the parties." (Emphasis supplied.)
See also Hodges v. Fries, 1894, 34 Fla. 63, 15 So. 682.
In the instant case the lease specified that the premises should be used as a beauty salon, so that the actual and necessary expenses incurred by plaintiff in preparing the premises for such use were "such as should reasonably have been contemplated by the parties." Moses v. Autuono, supra, 47 So. 925. But the plaintiff had the benefit of the use of such improvements for a portion (15 per cent) of the leasehold term, so that the defendant should be required to respond in damages only for the relative expenditure according to the length of the remainder of the term of which he had deprived plaintiff (85 per cent). See Miller v. Uhlman, D.C.Or. 1912, 198 F. 233, 241; Bowling v. Bluefield-Graham Fair Ass'n, 1919, 84 W. Va. 41, 99 S.E. 184, 185. And this was the sense in which the court used the language, quoted above, that apparently misled the trial judge.
It must, therefore, be held that the trial judge erred in concluding that, based upon his finding that the premises were "worthless" as a beauty salon at the time of the eviction, the plaintiff had failed to show any damages arising out of the "loss of the use of" the permanent improvements *653 for which damages were claimed. See Miller v. Uhlman, supra, 198 F. 233, 241. As a matter of fact, if plaintiff had been able to show and had recovered for loss of profits for the remainder of the leasehold term, he could not have recovered special damages based on such permanent improvements, since this would have been a duplication of damages. See Conlon v. McGraw, 1887, 66 Mich. 194, 33 N.W. 388; cf. United States v. Behan, 110 U.S. 338, 4 S.Ct. 81, 28 L.Ed. 168.
But neither can we sustain the plaintiff's contention that he is entitled to recover 85 per cent of the full amount proved by him as his expenditures in preparing the premises for occupancy as a beauty salon. He can recover his actual expenditures only for permanent improvements that were annexed to the realty and were necessary to prepare the premises for the specified occupancy. See Friedland v. Myers, supra, 34 N.E. 1055; Miller v. Uhlman, supra, 198 F. 233, 241. And the defendant would have the right to show that such expenditures were extravagant or unnecessary for the purpose of carrying out the lease agreement. Cf. United States v. Behan, supra, 110 U.S. 338, 4 S.Ct. 81. As to losses claimed for special items of equipment, not annexed to the realty, that might be said to have been "such as should reasonably have been contemplated by the parties," see Schwartz v. Westbrook, 1946, 81 U.S.App. D.C. 64, 154 F.2d 854, 165 A.L.R. 1175.
The general principles of law relating to mitigation of damages apply to lease agreements, as well as other contracts, Moses v. Autuono, supra, 47 So. 925; and, as indicated in our former opinion, some mitigation of the damages chargeable to the defendant by reason of the wrongful eviction might reasonably be allowed, if plaintiff was able to secure other premises, already fitted for occupancy as a beauty salon, at a rental price comparable to that to which he was previously bound under his lease agreement with defendant. See Hodges v. Fries, 1894, 34 Fla. 63, 15 So. 682; Sullivan v. McMillan, 1896, 37 Fla. 134, 19 So. 340; cf. State ex rel. Dresskell v. City of Miami, 1943, 153 Fla. 90, 13 So.2d 707.
The plaintiff also contends here that the trial judge erred in refusing to award interest on the $450 security deposit required, under the former decision of this court, to be returned by defendant to plaintiff. This contention is well taken. See Parker v. Brinson Construction Company, Fla. 1955, 78 So.2d 873.
For the reasons stated, the judgment here reviewed is reversed and the cause remanded for further proceedings not inconsistent with the opinions herein expressed.
It is so ordered.
TERRELL, C.J., and THOMAS, DREW and O'CONNELL, JJ., concur.