149 So.2d 386 (1963)
Clark B. WINTER, as Treasurer of American Express Company, an unincorporated joint stock association for profit, Appellant,
v.
AMERICAN AUTOMOBILE Association, a Corporation, Appellee.
No. 61-778.
District Court of Appeal of Florida. Third District.
January 29, 1963.
Rehearing Denied February 21, 1963.
*387 Walton, Lantaff, Schroeder, Atkins, Carson & Wahl, Miami, and Wesley J. Liebeler, New York City, for appellant.
Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell and Joseph F. Jennings, Miami, for appellee.
Before PEARSON, TILLMAN, C.J., and HORTON and BARKDULL, JJ.
BARKDULL, Judge.
The appellant [plaintiff in the trial court], hereafter known as Amexco, brought its action seeking recovery of amounts paid by it to holders of certain of its Traveler's Cheques. Said cheques were in the possession of [and stolen from] the office of the appellee-defendant, hereafter known as AAA. This action was based on the alleged failure of AAA to comply with an agreement between Amexco and AAA, whereby AAA obtained possession of said cheques for purposes of sale to the general public. The cause was heard and decided below on a stipulated set of facts, and judgment was rendered for the defendant-appellee.
In reviewing the record on appeal, this court has determined the following facts: (1) That Amexco had executed an agreement with AAA, pursuant to which Amexco delivered to AAA, certain of its Traveler's Cheques. Said agreement provided for AAA to exercise the same care and protection of these cheques as it did its own currency. (2) That AAA had insured its currency against theft. (3) That Amexco had requested AAA to insure Amexco's cheques against theft and had acted in reliance on AAA's assurance that its theft insurance covered Amexco's cheques by delivering to and allowing AAA to retain the cheques in question. (4) That theft of Amexco's cheques was not covered by AAA's insurance. (5) That the Traveler's Cheques were cleared through normal banking channels and ultimately honored by Amexco in the State of New York. Thus, when Amexco's Traveler's Cheques were subsequently stolen from AAA's office and were found not to be covered by AAA's insurance, there can be no doubt that AAA had violated the standard of care required of it and that Amexco had sustained its burden of proof. However, AAA asserted the affirmative defense of mitigation of damages, insisting that Amexco had a duty to mitigate its damages by dishonoring the stolen cheques when presented for payment.
In an action on a contract, if a plaintiff [by reasonable exertion of care] can prevent damages resulting to him by reason of the defendant's wrongful acts, it is his duty to do so and, so far as he can thus prevent them, he cannot recover therefor. State ex rel. Dresskell v. City of Miami, 153 Fla. 90, 13 So.2d 707; Young v. Cobbs, Fla. 1959, 110 So.2d 651, 71 A.L.R.2d 1100; 9 Fla.Jur., Damages, § 20. In reviewing the record, we find that AAA timely notified Amexco of the theft of the cheques and that at no time thereafter did Amexco refuse to honor or even question any of the stolen cheques when presented for payment. As Amexco was under a duty to make a reasonable attempt to mitigate damages and as they made no attempt whatsoever to do so, there can be no doubt that AAA has established a prima facie defense against Amexco. See: Warren v. Stoddart, 105 U.S. 224, 26 L.Ed. 1117; Oakland Metal Stamping Company v. Forest, 352 Mich. 119, 89 N.W.2d 503; 25 C.J.S. Damages § 34a.
By this appeal, Amexco is attempting to refute the affirmative defense established by AAA by contending: (1) It was under legal duty to honor the bulk of the cheques even though it had timely notice of the theft, because the majority of the cheques were negotiated in California and, under California law, they were obligated to do *388 so, [See: T.W.A. v. Bank of America, 1941, 46 Cal. App.2d 708, 116 P.2d 791] or, (2) It had a right to dishonor the cheques but was not under a duty to do so. This contention was advanced on the theory that due to the type business Amexco is engaged in, dishonoring the cheques would do irreparable damage to that business and could possibly result in damages in excess of the value of the stolen cheques, and Amexco should not be required to endanger its own business to protect AAA, the initial wrongdoer in this case. See: Frederick Raff Co v. Murphy, 1929, 110 Conn. 234, 147 A. 709.
As to the first proposition urged by the appellant, the traveler's cheques ultimately cleared Amexco's bank in New York and, under the law of that State, the appellant was under no legal obligation to honor the stolen traveler's cheques. See: First National City Bank v. Frederics-Helton Travel Service, Inc., 29 Misc.2d 1041, 209 N.Y.S.2d 704. Therefore, having no legal obligation to honor same, they had a "right" if not a "duty" to dishonor the said cheques.
As to the second proposition advanced by the appellant, this appears to be the principal point urged and, possibly, it might have been able to sustain this proposition in the trial court had it been presented in a reply to the affirmative defense or any proof tendered to establish the facts now urged on this appeal.[1] That, notwithstanding the "right" to dishonor, they were under no "duty" to do so to the detriment of its business reputation. This reply to the defendant's affirmative defense of opportunity to mitigate was clearly a burden of the plaintiff in the trial court. See Restatement of Contracts, 1932 Ed. 536. The appellant urges that this was a burden of the defendant upon the general authority which states that a defendant must establish facts in mitigation of damages. See: Finberg Trading Company v. Republic of China, 5th Cir., 1955, 220 F.2d 844; Miller v. Long, 126 Ind. App. 482, 131 N.E. 348, 132 N.E.2d 272; 134 A.L.R. 242, and cases cited therein. However, the facts in mitigation in this cause were the right and opportunity to dishonor and, when the defendant had established this, the burden of proof then shifted back to the plaintiff to establish its right to ignore the doctrine of mitigation.
Therefore, for the reasons stated, the final judgment of the trial court is affirmed.
Affirmed.
NOTES
[1] The stipulation upon which the final judgment was rendered reads, in part, as follows: "IT IS FURTHER STIPULATED that the parties have no further or additional evidence to adduce, * * *". Possibly if it were not for this admission this cause should be returned to the trial court for further proceedings. In this connection, see Davis v. Evans, Fla.App. 1961, 132 So.2d 476. However, because of the stipulation, it appears no useful purpose would be accomplished by such.