PEARSON, Judge.
The appellant, Tolin, was the landlord of the appellee, Pearce-Simpson, Inc. The appellee, tenant, sued the landlord for cancellation of the lease between the parties, and after extended litigation, received a decree declaring the lease cancelled and assessing damages for the breach of the lease. On this appeal, the only question raised concerns the amount of the damages.
In order to set forth the basis upon which the damages were assessed that portion of the final decree is set forth in full:
“5. The plaintiff’s proof of the following elements of damages were undisputed :
a) Moving machinery and equipment at cost of $8,000.00
b) Moving office equipment and stock at cost of $975.00
c) Net loss of income during 15 day moving period, $11,485.00
d) Unamortized depreciation of leasehold equipment, $19,618.53.
“The Court makes the following conclusions of Law:
“A. That the provisions of paragraph 5 of the lease between the parties hereto, as amended by the addendum is a dependent covenant. Steak House, Inc. v. Barnett [Fla.], 65 So.2d 736, Sun City Holding Co. v. Schoenfeld, 97 Fla. 777, 122 So. 252.
“B. That the defense sought to be interposed of an oral agreement between defendants and Jack Herman or Leonard Carpet Mfg. Inc., that the adjacent warehouse space would be made available to defendants upon request, does not constitute a defense to this action. Mallard v. Ewing, 121 Fla. 654, 164 So. 674, Professional Insurance Corp. v. Cahill [Fla.], 90 So.2d 916.
“C. That defendants up to the date of filing this action, were unable to deliver possession of the optioned area.
“D. That plaintiff is entitled to cancellation of the lease between the parties dated March 7, 1962, as of September 30, 1965. Mease v. Warren [Warm] Mineral Springs, Inc. [Fla.App.], 128 So.2d 174.
“E. That plaintiff is entitled to recover damages for moving expenses, Wade v. Herndl, 127 Wis. 544, 107 N.W. 4 [5 L.R.A.,N.S., 855], McElvaney v. Smith, 76 Ark. 468, 88 S.W. 981, 3 Sutherland on Damages, sec. 865, p. 3202; for loss of income during the moving period, Twyman v. Roell, 123 Fla. 2, 166 So. 215; and unamortized depreciation of leasehold equipment. Young v. Gables [Cobbs] [Fla.], 110 So.2d 651 [71 A.L.R. 2d 1100].”
The point presented by appellant is: “The chancellor erred in computing the damages to which plaintiff was entitled as a result of the breach of the lease by the defendants”. Under this point appellant (landlord) argues that no award should have been made for loss of profits occasioned by the move. The basis of this argument is that the award consists of an erroneous estimate of future profits for which there was not sufficient evidentiary basis. We find that the loss of income during the moving period is sufficiently supported in this record by the testimony of the appellee’s accountant, who fully set forth the accounting method used to reach a determination of the amount. We hold that the damages were recoverable under the rule set forth in Twyman v. Roell, 123 Fla. 2, 166 So. 215 (1936).
Appellants’ attack upon the amount of the damages allowed is confined to items- *67 “c” and “d” above (“net loss of income during IS day moving period” and “un-amortized depreciations of leasehold equipment”).
Appellants urge that the court erred in computing the net loss of income during the fifteen-day moving period because: (1) the only figures in the record regarding loss of profits were that if the plant were totally closed down for fifteen days, the plaintiff would lose profits in the amount of $11,485, and (2) that the chancellor erroneously adopted this figure, rather than a figure for a lesser time, when the record contained proof that the plant could be moved in eight days. This position is not sustained by the record, inasmuch as the record contains testimony as to two alternate proposals for moving the heavy machinery and equipment, viz.: (1) move on regular time with plant shutdown using as many crews as practical for eight work days ($6,000) ; (2) move using one crew while plant is in operation, machinery to be moved as it is ready, including one weekend and covering about fifteen working days ($8,000). The record supports the position of appel-lee (tenant) that the determination to use the fifteen day period was the more economical and resulted in a decree for a lesser amount for loss of income during the moving period because the testimony was that the $11,485 figure represented the losses from a partial shutdown necessitated by the moving process of fifteen days, while the losses for a full shutdown of eight days would be much greater.
Appellants’ second attack on the amount of damages allowed concerns the method the chancellor used in amortizing the necessarily abandoned leasehold improvements. The only testimony before the court on this element was the accountant’s testimony upon the undepreciated value of the immovable equipment. We find that in this particular, the evidence was not sufficient, but inasmuch as the chancellor had before him the information upon which a proper determination could be made, we will remand for a proper determination. In this connection it should be noted that, as pointed out by the chancellor, the evidence upon which he based his determination was uncontroverted and there is no showing in the record that the trial court was presented with a figure based upon the proper method of determining damages for immovable fixtures upon the termination of the lease. The Supreme Court of Florida delineated the method to be used, in Young v. Cobbs, Fla.1959, 110 So.2d 651, 652, [71 A.L.R.2d 1100,] as follows:
“In the instant case the lease specified that the premises should be used as a beauty salon, so that the actual and necessary expenses incurred by plaintiff in preparing the premises for such use were ‘such as should reasonably have been contemplated by the parties’. Moses v. Autuono, supra, [56 Fla. 499,] 47 So. 925, [20 L.R.A.,N.S., 350], But the plaintiff had the benefit of the use of such improvements for a portion (15 per cent) of the leasehold term, so that the defendant should be required to respond in damages only for the relative expenditure according to the length of the remainder of the term of which he had deprived plaintiff (85 per cent). See Miller v. Uhlman, D.C.Or. 1912, 198 F. 233, 241; Bowling v. Bluefield-Graham Fair Ass’n, 1919, 84 W.Va. 41, 99 S.E. 184, 185.”
In the present instance, it affirmatively appears that the term of the lease was five years. The appellee has urged that the term to be considered should be ten years because the lease carried a renewal privilege or option for a five year period by the tenant, appellee. Inasmuch as this option was not exercised by giving written notice to the landlord as required by the lease, a mere expression at trial of an intention to have exercised the option is not sufficient to extend the lease period. Cf., Dugan v. Haige, Fla.1951, 54 So. 2d 201. It appears that the damages set forth under item (d) in paragraph “5” *68 of the decree must be reassessed. Therefore the decree appealed is affirmed in part and reversed in part, and the cause is remanded for the entry of an amended decree in accordance with the view herein expressed.
Affirmed in part, reversed in part and remanded.