PER CURIAM.
This is an appeal by the plaintiffs Minerva Del Risco, as Personal Representative of the Estate of Rene Del Risco, and Adolfo Perez and Anita Perez from a final judgment entered upon an adverse jury verdict in a premises liability/negligence action arising out of an explosion ignited by gas fumes in a warehouse owned by the defendant Industrial Affiliates, Ltd. We reverse the final judgment under review and remand the cause for a new trial based on a holding that the trial court committed reversible error in refusing to give the plaintiffs’ requested jury instructions to the effect that: (a) the defendant as owner and lessor of the premises had a non-dele-gable duty to comply with applicable fire safety regulations for the warehouse, and (b) the failure by the defendant to comply with a particular fire safety provision of the South Florida Building Code with respect to the warehouse was negligence per se.
The fire safety provision in question provides as follows:
“(1) In all buildings used as storage or handling of automobiles operating under their own power and in all buildings where flammable liquids are used or stored, exhaust ventilation shall be provided to produce one complete change of air every ten minutes.
(2) Such exhaust ventilation shall be taken from a point at or near the floor.”
This provision was read into evidence at trial; evidence was also adduced at trial that the violation of this ordinance was the cause of the gas explosion sued upon; and the trial court instructed the jury that a violation of this ordinance by the defendant was some evidence of negligence. Because the subject ordinance was a fire safety ordinance designed to protect a specific class of persons such as plaintiffs (occupants of buildings where flammable liquids are stored) from injury by fire, explosion, or inhalation of fumes, the violation of same in this case was per se negligence, not just some evidence of negligence, and, accordingly, the trial court committed reversible error in refusing to instruct the jury to that effect at the plaintiffs’ request. John’s Pass Seafood Co. v. Weber, 369 So.2d 616 (Fla. 2d DCA 1979); Concord Florida, Inc. v. Lewin, 341 So.2d 242 (Fla. 3d DCA 1976), cert. denied, 348 So.2d 946 (Fla.1977).
We reject the defendant’s contention that because this fire safety ordinance is contained in the South Florida Building Code, as opposed to the South Florida Fire Prevention Code, it is not a fire safety provision, the violation of which is negligence per se. It matters not in what county code a fire safety provision is contained so long as it is, in fact, a fire safety provision, which this provision most assuredly is. In this regard, our decisions in Grand Union Co. v. Rocker, 454 So.2d 14, 16 (Fla. 3d DCA 1984) and Cadillac Fairview of Fla., Inc. v. Cespedes, 468 So.2d 417, 421 (Fla. 3d DCA), rev. denied, 479 So.2d 117 (Fla.1985) are not controlling here as those cases did not deal, as here, with a fire safety provision of the South Florida Building Code. The violation of a fire safety provision of a county or municipal code constitutes negligence per se, whether found in a Fire Code or the South Florida Building Code. John’s Pass Seafood; Concord Florida, Inc.
Given our decision in this case, it is not necessary to address the remaining points on appeal as they are unlikely to arise again on retrial. The final judgment under review is reversed and the cause is remanded to the trial court with directions to grant a new trial in accord with the views expressed in this opinion.
Reversed and remanded.