DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**VICTORIANA BUILDING, LLC,** a Florida limited liability company,
Appellant/Cross-Appellee,

v.

**FT. LAUDERDALE SURGICAL CENTER, LLC,**
a Florida limited liability company,
**SOUTHERN MEDICAL, LLC,**
a Kansas limited liability company,
**RISK AND CAPITAL LIMITED PARTNERSHIP,**
a Delaware limited partnership,
**CHRISTOPHER BROOKS,** an individual,
**DARLA HOLDINGS, LLC,** a Florida limited liability company,
**ERIC CHENVEN,** an individual, **CARYN CHENVEN,** an individual,
**NEIL WEISMAN,** an individual, **KAROLYN WEISMAN,** an individual,
**SHERIDAN HEALTH CORP, INC.,** a Florida corporation, and
**SABINE HESSE,** an individual, jointly and severally,
Appellees/Cross-Appellant.

No. 4D12-2979

[May 20, 2015]

Appeal and cross-appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Robert A. Rosenberg, Judge; L.T. Case No. 07-5962 13.

Andrew T. Lavin, Zachary S. Lavin and Daniel E.I. Lavin of Lavin Law Group, P.A., Fort Lauderdale, for appellant/cross-appellee.

Glenn J. Waldman and Douglas T. Marx of Waldman Trigoboff Hildebrandt Marx & Calnan, P.A., Fort Lauderdale, for appellees and cross-appellant Ft. Lauderdale Surgical Center, LLC.

GERBER, J.

In this landlord-tenant dispute, the landlord appeals from the circuit court's final judgment in the tenant's and guarantors' favor on the parties' competing claims over a leasehold relationship. The tenant cross-appeals on the ground that, although the court found for the tenant on the liability issues, the court did not award damages to the tenant for alleged lost

business value or out-of-pocket expenses. We affirm the circuit court's well-reasoned findings of fact and conclusions of law in the tenant's and guarantors' favor on the liability issues. We also affirm the court's denial of the tenant's lost business value claim. However, we reverse the denial of the tenant's out-of-pocket expenses claim and remand for the court to award that claim.

On the liability issues, the court properly determined that the landlord first breached the lease by failing to provide code-compliant means of fire egress, and that the tenant therefore was excused from any further obligation to perform under the lease. *See Del Risco v. Indus. Affiliates, Ltd.*, 556 So. 2d 1148, 1149 (Fla. 3d DCA 1990) (owner and lessor of commercial premises had a non-delegable duty to comply with applicable fire safety regulations for the premises); *Ryan v. Landsource Holding Co.*, 127 So. 3d 764, 767 (Fla. 2d DCA 2013) ("If one party to an agreement has breached the agreement, the other party's failure to continue with the agreement is not considered a default of the contract.") (citation and internal quotation marks omitted).

On the tenant's lost business value claim, the court properly determined that the tenant's proof was speculative and therefore insufficient. "Lost profits are typically proven by one of two methods: (1) the before and after theory; or (2) the yardstick test." *Devon Med., Inc. v. Ryvmed Med., Inc.*, 60 So. 3d 1125, 1128 (Fla. 4th DCA 2011) (citation omitted). "The yardstick test is generally used when a business has not been established long enough to compile an earnings record that would sufficiently demonstrate lost profits and compares the profits of businesses that are closely comparable to the plaintiff's." *Id.* at 1129 (citation and quotation marks omitted). Here, the tenant's expert consultant, in analyzing the viability of the tenant's proposed facility, did not evaluate any comparable facility's profitability as a "yardstick," and the tenant's expert CPA acknowledged that his report, which was based on the consultant's report and forecast, was only "as good or as bad as [the consultant's] forecast." Thus, the tenant's proof was insufficient. *See Fid. Warranty Svcs., Inc. v. Firstate Ins. Holdings, Inc.*, 74 So. 3d 506, 514-15 (Fla. 4th DCA 2011) ("It is as inappropriate to use purely speculative forecasts of future revenue to determine the market value of a business as it is to use such speculative forecasts in determining lost future profits.") (citation and internal quotation marks omitted).

On the tenant's out-of-pocket expenses claim, the court did not address this claim in its findings of fact and conclusions of law. The lease specified that the tenant was to prepare the premises for a specified use, and the tenant presented competent, substantial evidence that it incurred actual

and necessary expenses which the parties contemplated for the establishment of such use. Thus, the court, having properly found that the landlord breached the lease first, should have awarded the tenant its out-of-pocket expenses. *Cf. Young v. Cobbs*, 110 So. 2d 651, 652-53 (Fla. 1959) (where the lease specified that the premises should be used as a certain business, the lessee's actual and necessary expenses incurred in preparing the premises for such use were such as should reasonably have been contemplated by the parties, and upon the wrongful eviction of the lessee, the lessee was entitled to recover the actual expenditures which were necessary to prepare the premises for such use).

Here, the tenant's out-of-pocket expenses, as proven at trial and which flowed from the landlord's breach of the lease, totaled $975,985. Thus, we remand for the circuit court to amend the final judgment to award that amount to the tenant.

*Affirmed in part, reversed in part, and remanded for amendment of final judgment.*

STEVENSON and CONNER, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

3