WOLF *v.* MEGANTZ.

1. EVIDENCE — LANDLORD AND TENANT — LEASE — PAROL EVIDENCE RULE.

Where plaintiff leased premises of the defendant under a written contract containing the usual covenants, and on the trial of an action for damages because of the eviction of the tenant the lessor claimed that at the time of executing the lease she informed the plaintiff that an action was pending relating to the possession and control of the premises and that the plaintiff stated that he would take his chances, the evidence was inadmissible and the trial court committed reversible error in admitting the proof offered for the purpose of varying the terms of a written lease.

2. DAMAGES—LANDLORD AND TENANT—LEASE — MEASURE OF DAMAGES.

As one of the elements of damages for breach of the covenant for quiet enjoyment, the lessee was entitled to recover his expenses for making alterations in the premises that were necessary to fit them for the purpose of a confectionery and tobacco shop, the purpose which the parties contemplated when the contract was entered into.

3. SAME—COVENANTS OF LEASE—QUIET ENJOYMENT.

The damages recoverable for breach of the lessor's covenant for quiet enjoyment include not only those which arise out of the difference between the rent and rental value of the property leased, but also the actual and necessary expenses, contemplated by the parties at the time of making the contract, of making the same suitable for the use which the tenant intended. It was erroneous for the trial court to limit the amount of recovery to the expenditure which might have been expressly agreed upon between plaintiff and defendant.

Error to Wayne; Mandell, J. Submitted January 14, 1915. (Docket No. 94.) Decided March 17, 1915.

Assumpsit by Elias Wolf against Rose Megantz for

breach of the covenants of a lease. Judgment for defendant. Plaintiff brings error. Reversed.

*Guy A. Miller,* for appellant.

*Edward Pokorny* and *Charles P. O'Neil,* for appellee.

BIRD, J. The defendant executed and delivered to plaintiff on the 20th day of February, 1913, a written lease of her premises situate at 497 Hastings street, for a term of three years, at a monthly rental of $60. Plaintiff took possession of the premises on March 1st, the date stipulated in the lease, and began improving the interior for his use as a confectionery and tobacco store. After he had completed the alterations and repairs, and purchased fixtures, he was evicted by one Smith, who had purchased the premises from defendant upon a contract, prior to the making of the lease. Plaintiff then brought this suit to recover his damages, counting upon the covenant contained in the lease for the quiet enjoyment thereof.

1. It is not denied that the lease was made, but it is asserted by the defendant that, at the time the lease was executed, she advised plaintiff of the action to enforce the contract; that she had won in the lower court and hoped she would in this court, and that, after being so advised, he replied that he would take his chances; that this court afterwards held the contract valid and enforceable, and consequently the lease was of no force. Parol proof of this claimed understanding was offered and received against the objection of plaintiff, and he assigns error thereon in this court.

The theory upon which the court admitted the testimony was that it came within the holding of *Cleveland Refining Co.* v. *Dunning,* 115 Mich. 238 (73 N. W. 239), wherein it was announced that, when a written instrument was accompanied by a condition pre-

cedent to its taking effect, such condition might be shown by parol proof. This rule is not applicable to the case under consideration, for the reasons stated by Mr. Justice STONE in *Smith* v. *Mathis,* 174 Mich. 262 (140 N. W. 548), namely, that the rule is not applicable to a written instrument which has once taken effect, neither is it applicable to the contract which the statute of frauds requires to be in writing. The situation here presented appears to be a duplicate of the one presented in *Smith* v. *Mathis, supra,* and is ruled by it. The testimony should have been rejected, as its tendency was to vary the terms of a written instrument.

2. The trial court instructed the jury that, if they found for the plaintiff, he was entitled to recover:

*"First.* The difference between the rent fixed in the lease, which is $60 a month, and the rental value of the premises during the time from the 15th day of November, 1913, to the 1st day of March, 1916.

*"Second.* Whatever expenditures were reasonably necessary to prepare the premises leased for the use which the parties contemplated they should be put to.

*"Third.* Any depreciation in value to fixtures which were put upon the premises by plaintiff, and which were reasonably necessary in connection with the use which the parties contemplated the premises should be put to."

No criticism is offered to this statement of the elements of damage recoverable, but exception is taken to some statements of the court which followed, in which it is claimed the jury were given to understand that damages were recoverable only for those expenditures which were the result of an express agreement between the parties. The statement of the rule as laid down in *Hopkins* v. *Sanford,* 38 Mich. 611, is contended for by the plaintiff, and is the proper one. It follows:

"In cases of breach of contract, the damages 'should be such as may fairly and reasonably be considered

either arising naturally, *i. e.*, according to the usual course of things, from such breach of contract itself, or such as may reasonably be supposed to have been in the contemplation of both parties at the time they made the contract, as the probable result of the breach of it.'"

This rule, as applied to a like state of facts, is well stated in *Friedland* v. *Myers,* 139 N. Y. 432 (34 N. E. 1055):

"But other damages may also be recovered, provided they are proximate in effect, and are not speculative or uncertain in character, and were fairly within the contemplation of the parties when the lease was made, or might have been foreseen as a consequence of a breach of its covenants. If the property is leased for a special purpose, which is known to the lessor, and possession is refused because of a prior lease to another party, or of other fault of the lessor, the lessee may recover as damages his actual and necessary expenses incurred in preparing for the occupation of the property in the manner contemplated by the parties."

Inasmuch as the defendant understood, at the time the lease was made, the use which the plaintiff intended to make of the premises, and was aware that the alterations and repairs were progressing in pursuance of that understanding, we think this rule is applicable.

The judgment of the trial court is reversed, and a new trial ordered.

BROOKE, C. J., and MCALVAY, KUHN, STONE, OSTRANDER, MOORE, and STEERE, JJ., concurred.