S. E. HUTCHINSON, *Plaintiff in Error*, v. MARSHALL B. COURTNEY, *Defendant in Error*.

Opinion Filed December 17, 1923.

1. A jurisdictional matter will be considered by this court, even though the same may not be questioned by the pleadings or expressly presented.

2. If it appears from the record that the trial court is without jurisdiction to try and determine a cause, the writ of error should be dismissed, even though the question of jurisdiction is not raised.

3. The jurisdiction of the court is determined by the actual demand in good faith made or by the actual damages claimed to have been sustained.

4. County Judges' courts have original jurisdiction "in all cases at law in which the demand or value of property involved shall not exceed one hundred dollars."

5. The sum in good faith demanded or actually put in controversy, and not the amount of the recovery, is the test for determining jurisdiction.

6. If under the pleadings the amount recoverable exceed one hundred dollars, the action is properly brought in the circuit court, there being in the county no inferior court in which the cause is cognizable.

7. Punitive damages are allowable in this jurisdiction in actions of trespass in addition to compensatory damages.

8. Where there is basis in the pleadings and evidence for recovery in the nature of punitive damages, in addition to compensation for injury resulting from an alleged trespass upon the premises of plaintiff, and making allowance for a portion of the amount recovered as punitive damages the verdict is not excessive, which one of two rules is employed for ascertaining the amount of actual damage sustained is not material.

This case was decided by Division B.

A Writ of Error to the Circuit Court for Leon County; E. C. Love, Judge.

Affirmed.

*Myers & Myers,* for Plaintiff in Error;

*Fred H. Davis,* for Defendant in Error.

WEST, J.—This is an action of trespass. The declaration, omitting formal parts, is as follows:

"That heretofore, to-wit: On the 1st day of December, 1920, the said plaintiff was the owner of a valuable ornamental japonica bush standing and growing on his premises and of great value and beauty, as plaintiff and his agents and servants well knew, and that said defendant, by and through his agent and servant in that behalf, then and there wilfully, wrongfully and without right

and in utter disregard of the rights of plaintiff, did enter upon the premises of plaintiff, situate in Leon County, Florida, called the "Isler" Place, and did then and there wilfully cut, dig up and remove said japonica bush from plaintiff's premises without his consent and against his express direction, to the great damage of the plaintiff, by reason whereof plaintiff was deprived of the said japonica bush and of the ornamental value and pleasure of same about his premises, and plaintiff's lands on which said japonica bush stood were then and there greatly impaired in value by reason of said trespass; and plaintiff avers that said trespass was committed unlawfully, knowingly, wilfully and without right or pretense of legal right so to do, and that in addition to the actual damages sustained, that plaintiff is entitled to recover of and from the defendant a further and additional sum as and for punitive damages against said defendant, for all of which plaintiff sues."

Damages of $250 were claimed. No question of the legal sufficiency of the declaration was made. The plea was not guilty. Upon a trial there was a verdict for plaintiff, assessing his damages in the sum of $100. To review the judgment entered upon this verdict writ of error was taken.

The question of the jurisdiction of the circuit court is not presented by an assignment of error, but intruded itself into the case at the oral argument. If the record discloses that the trial court was without jurisdiction to try and determine the cause, the writ of error should be dismissed even though the question of jurisdiction was not raised. Micou v. McDonald, 55 Fla. 776, 46 South. Rep. 291; Florida Pack & Ice Co. v. Carney, 49 Fla. 293, 38 South. Rep. 602; City of Jacksonville v. Massey Business College, 47 Fla. 339, 36 South. Rep. 432; McMillan v.

Wiley, 45 Fla. 487, 33 South. Rep. 993. County judge's courts have original jurisdiction "in all cases at law in which the demand or value of property involved shall not exceed one hundred dollars." Sec. 17, Art. V, Const, of Fla. And the sum in good faith demanded or actually put in controversy, and not the amount of the recovery, is the test for determining jurisdiction. Florida Cent. & Pen. R. R. Co. v. Seymour, 44 Fla. 557, 33 South. Rep. 424. If, therefore, under the pleadings the amount recoverable exceeded $100, the action was properly brought in the circuit court. L. & N. R. R. Co. v. Sutton, 54 Fla. 247, 44 South. Rep. 946; S. A. L. Ry. Co. v. Ray, 52 Fla. 634, 42 South. Rep. 714. The declaration, after alleging the trespass, alleges that it "was committed unlawfully, knowingly, wilfully and without right or pretense of legal right to do so," and demands, in addition to the actual damage sustained because of the trespass, punitive or exemplary damages because of its unlawful and wilful character. Punitive damages are allowable in this jurisdiction in actions of trespass in addition to compensatory damages. Stearns & Culver Lbr. Co. v. Cawthon, 62 Fla. 370, 56 South. Rep. 555; Wright & Co. v. Skinner, 34 Fla. 453, 16 South. Rep. 335.

There is sufficient basis in the declaration for the claim of exemplary damages. The trespass is admitted and it is conceded that the plaintiff was entitled to recover. By the charge of the trial court the amount of the recovery only was submitted to the jury. There is evidence in the record that the difference in value before and after the alleged trespass of the *locus in quo* is $100. This is in accordance with the rule for testing the amount of actual damages recoverable announced in Gasque v. Ball, 65 Fla. 383, 62 South. Rep. 215. We think there is also basis in the evidence for a recovery by plaintiff in the nature of

punitive damages in addition to compensation for actual damage to the premises. It appears in substance from the evidence, although it is in part contradicted, that the defendant had purchased from a former owner of the premises a japonica bush then growing in the yard near the residence located upon the premises; that the japonica bush was not at the time of this transaction taken up and removed; that the property was subsequently sold and conveyed to the plaintiff without any reservation by the owner or notice to the purchaser, the plaintiff, of the prior sale of the japonica bush; that the defendant, by his agent, after notice not to do so and over the protest and objection of plaintiff, went upon the premises, took up the japonica bush from where it grew near the entrance to the dwelling, leaving open the place in the yard, some six feet across and four feet deep, excavated in removing it, and in doing so broke down the fence enclosing the residence property. In this evidence there is sufficient basis for a finding of a wilful trespass for which a recovery of damage in addition to actual or compensatory damage is allowable. In this view of the case, the rule of admeasurement of damage to plaintiff in reliance upon which the principal contention of plaintiff in error is based, even if accepted, is not controlling. Making allowance for a portion of the amount recovered as punitive damages, it does not affirmatively appear that the portion allowed for actual damage is excessive. It may be that the jury found the value of the property removed to be $3, in accordance with defendant's contention, and assessed an additional amount of $97 as punitive damages in arriving at a verdict of $100 damages. So that whether the rule applicable for ascertaining actual damages is the difference in value of the premises before and after the trespass or the value of

the property removed by the trespasser, would not necessarily in this case change the result.

Since the amount demanded and put in controversy by the pleadings exceeded the jurisdictional amount of the county judge's court, the action was properly instituted in the circuit court, there being no inferior court in Leon County in which the case was cognizable. The charge of the court fairly presented the case to the jury.

What we have said disposes of the contentions made by counsel and the question presented by the record. So the judgment will be affirmed.

Affirmed.

WHITFIELD, P. J., AND TERRELL, J., concur.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in the opinion.