83 So.2d 417 (1955)
Emmett YOUNG, Appellant,
v.
Henry COBBS, Appellee.
Supreme Court of Florida, Division A.
October 26, 1955.
Rehearing Denied December 5, 1955.
*418 John F. Allison, Miami, for appellant.
Broad & Cassel, Lewis Horwitz and L.J. Cushman, Miami Beach, for appellee.
ROBERTS, Justice.
Plaintiff sued defendant to recover his damages sustained by reason of defendant's unlawfully evicting him from store space leased by him from defendant. The defendant's answer was a simple denial of the allegations of the complaint. At the close of plaintiff's case, which was heard by the trial judge without a jury, the defendant orally moved for a dismissal of the cause on the ground that no damages had been shown. The motion was granted and a final order of dismissal was thereafter entered by the trial judge for the reason, as stated therein, that "the court found as a matter of law that said plaintiff was not entitled to a verdict of finding in his favor * * *". It is this order which we review on this appeal.
Plaintiff was one of some sixty-odd merchants who rented small areas of space in a building constructed by defendant as a shopping and service center, known as "Cobb's Country Store." Plaintiff operated a beauty salon in the "selling space" leased by him. For some reason not shown by the record, "Cobb's Country Store" was not a successful venture, and the other tenants moved out, one by one, until finally only plaintiff was left. Plaintiff refused to move out, thus blocking a sale of the premises which defendant had made, and defendant resolved his problem by locking the doors of the main entrances to the building. Plaintiff's beauty salon business came to an abrupt end. It is not here denied that defendant's action amounted to an unlawful eviction of plaintiff, and the only questions with which we are here concerned relate to the damages recoverable by plaintiff for the eviction.
The trial judge was of the opinion that the only damages recoverable by plaintiff were those represented by "the difference between the market value of the lease held and the rent that was payable under it." He excluded all testimony respecting the profits that the plaintiff had made in the past at the location in Cobb's Country Store, as well as evidence of permanent improvements, such as plumbing and electrical work, made by him to adapt the "selling space" to beauty parlor use. He also held that a deposit of $450 made by plaintiff to defendant at the inception of the lease, as security for the performance by plaintiff *419 of the terms and conditions of the lease, was not recoverable by plaintiff.
As to the damages claimed by plaintiff for loss of profits, it is well settled that profits anticipated from a business which has not been established at the time possession of leased premises is wrongfully withheld from a lessee cannot be recovered by such lessee, since they are too remote and speculative. Harvey Corporation v. Universal Equipment Co., 158 Fla. 644, 29 So.2d 700; Id., Fla., 42 So.2d 577. But it is held by a majority of the courts that this rule does not apply to the breaking-up of an established business by the eviction of the lessee, where such profits can be ascertained with a reasonable degree of certainty. 32 Am.Jur., Landlord and Tenant, Sec. 265, page 249. See also Silberstein v. Laibovitz, Tex.Civ.App. 1947, 200 S.W.2d 647; Pierce v. Nash, 126 Cal. App.2d 606, 272 P.2d 938; Snow v. Pulitzer, 142 N.Y. 263, 36 N.E. 1059; Wolf v. Megantz, 1915, 184 Mich. 452, 151 N.W. 622. This rule seems to us to comport with justice and reason. If a merchant has established a business and has a regular clientele of customers in a particular neighborhood, the continuance of business in that location may be of substantial value to him, even though the actual market value of the leasehold is considerably less than the rent contracted to be paid by him. To hold that no recovery can be had for the profits which he can prove he would have made at that location during the remainder of the unexpired term of his lease, would leave him entirely without remedy, though he was entirely without fault.
While we hold, then, that the trial judge applied the wrong rule of law in excluding the evidence as to future profits proffered by plaintiff, we think that no error was committed in this respect under the particular circumstances here present. A beauty shop operated in a shopping center where many other businesses are conducted is an entirely different "kettle of fish" from one that is conducted in what one of the witnesses described as a "ghost town." Damages for loss of future profits are not allowed unless they can be measured with a fair degree of accuracy, and the testimony must be clear and free from taint of speculation or conjecture. Cf. Harvey Corporation v. Universal Equipment Co., 158 Fla. 644, 29 So.2d 700. Under the circumstances here, any calculation of profits would have to be based on pure guesswork, so the trial judge did not err in excluding the evidence in question.
As to the claim for permanent improvements, it has been held that expenditures for such items may be considered by the jury in assessing the lessee's damages in a similar situation. Cf. Wolf v. Megantz, 1915, 184 Mich. 452, 151 N.W. 622; Snow v. Pulitzer, supra, 36 N.E. 1059. The lease specifically provided that plaintiff would use the premises only for a beauty salon, so that these improvements were reasonably necessary to prepare the premises for the use contemplated by the parties. The plaintiff expected to use the premises, so improved, for the full period of the lease and not merely for a portion thereof. We think that, in the circumstances here, the trial judge should have considered the evidence as to improvements and awarded the plaintiff such damages, if any, as would be reasonable compensation for the loss of the use of such improvements for the unexpired term. If the plaintiff was able to secure another location where such improvements were already installed, this fact could be considered on the question of plaintiff's damages in this respect.
As to the $450 security deposit, the trial judge held that this deposit was "simply part of the payment for the use of the premises", and declined to allow recovery. This was error. The lease specifically provided that the deposit was made as security for the performance by plaintiff of the terms and conditions of the lease and that it "shall never be applied as rent". The lease required the defendant to return the deposit to the plaintiff in three equal installments toward the end of the lease period. There was a further provision that, upon cancellation of the lease by the defendant for the default of the plaintiff, the security *420 deposit "shall immediately be and become the unconditional property of the Lessor [defendant], not as a penalty, but as liquidated and agreed upon damages * * *" As in Hyman v. Cohen, Fla. 1954, 73 So.2d 393, 400, "the relation of the parties as to the deposit [was] that of debtor and creditor * * * [or] of pledgor and pledgee," and we can conceive of no legal justification for the defendant's retaining the deposit when the purposes for which it was deposited had failed through the fault of the defendant. The trial judge should have required the return of the deposit to the plaintiff, either as special damages suffered by plaintiff or as property of plaintiff converted by defendant to his own use.
The plaintiff also makes some contention here that he was entitled to punitive damages. There is authority for the proposition that punitive damages are recoverable for an unlawful eviction if it is malicious and wanton. Cato v. Silling, 137 W. Va. 694, 73 S.E.2d 731; Brown v. Grenz, 127 Mont. 49, 257 P.2d 246. And see Hutchinson v. Courtney, 86 Fla. 556, 98 So. 582, 583, recognizing that punitive damages are allowable in actions of trespass. But we do not think the defendant's actions, though willful and tortious as to plaintiff, can be considered malicious and wanton so as to justify the imposition of punitive damages. His eviction of plaintiff was "willful" in the sense that he intended to do it; it was a calculated risk which he took because of economic necessity  that is, to dispose of a "white elephant". But it was not "willful" in the sense of being "malicious". It was necessitated by plaintiff's standing upon his technical legal rights and stubbornly refusing to move out of the "ghost town". As noted above, the defendant must return plaintiff's security deposit and must reimburse plaintiff for such damages, if any, as the trier of the facts finds is reasonable compensation for the loss for the unexpired term of the use of the improvements installed by plaintiff at the inception of the lease period. (Since no evidence was offered by plaintiff as to the difference between the agreed rental and the market value of the leasehold for the unexpired term, it must be assumed that plaintiff suffered no damage in this respect.) But we find no circumstances here of fraud, malice, gross negligence, or oppression to justify the imposition of punitive damages. See Winn & Lovett Grocery Co. v. Archer, 126 Fla. 308, 171 So. 214, 222 on the question of punitive damages.
For the reasons stated, the judgment appealed from is reversed and the cause remanded for further proceedings in accordance with the opinions herein expressed.
Reversed and remanded with directions.
DREW, C.J., and TERRELL and THORNAL, JJ., concur.