109 So.2d 781 (1959)
Charles C. TITUS, Appellant,
v.
EMMCO INSURANCE COMPANY, an Indiana corporation, duly authorized to do business in the State of Florida, Appellee.
No. 58-473.
District Court of Appeal of Florida. Third District.
March 17, 1959.
Eldon L. Boyce, Miami, for appellant
*782 Norman K. Rutkin and Jeanne Heyward, Miami, for appellee.
MILLEDGE, STANLEY, Associate Judge.
Titus' car being damaged in a collision with the car of Webb, he received from the appellee, his insurer, the sum of $765 for his loss under the policy. Upon receiving this payment the appellant executed a subrogation agreement subrogating the company to his position against a third party held liable from the loss. In this agreement Titus promised not to "commit any act which would pervent Emmco Insurance Company from collection" from persons found liable for the damage.
In the circuit court Titus sued Webb, in negligence, for damages to his person and to his car. At the trial the judge sustained Webb's objection to evidence showing damage to Titus' car on the ground that Titus had already been paid for this loss from his insurance carrier. Evidence as to personal injuries was received. The jury found Webb negligent. A verdict in favor of Titus was returned, and a judgment entered which Titus satisfied.
In the present action Emmco sued Titus in the civil court of record for the return of the $765 paid for the damage to the car on the ground that Titus had, contrary to the provisions of the subrogation agreement, prevented Emmco recovering from Webb.
A summary judgment for Emmco was entered from which Titus has appealed.
The appellant contends that he did nothing to prevent Emmco from proceeding against Webb under the subrogation agreement, since he tried to introduce evidence, in the action against Webb, as to the car damage. He says that it was the judge's ruling, not his voluntary act which has destroyed Emmco's position against the tort feasor.
Titus had only one cause of action against Webb. He could not bring one action for personal injuries and another for damage to his car. Mims v. Reid, Fla. 1957, 98 So.2d 498. It follows that Emmco, as assignee, could not maintain one action while Titus maintained the other. When Titus sued Webb he was suing for the benefit of Emmco so far as car damage was concerned. As to the insurance company, he occupied a fiduciary relationship and owed to his beneficiary the usual duties of diligence, competence and good faith owed by a trustee. Hayward v. State Farm Mutual Automobile Insurance Company, 212 Minn. 500, 4 N.W.2d 316, 140 A.L.R. 1236. Titus recognized his fiduciary duty because he sued for the damage to his car as well as damage to his person.
It is clear that Titus did not discharge his duty. It is not necessary to decide how far he should have gone to obtain a review of the erroneous ruling of the circuit judge. It is only necessary to decide that in accepting the payment of the judgment and satisfying it without so much as a motion for a new trial, Titus did not discharge his fiduciary duty to the insurance company. It is not necessary to consider whether Titus was under a duty to notify the company of the adverse ruling as to the car damage and to seek or permit their assistance. Suffice it to say that a minimum standard of good faith and diligence in protecting the interest of his beneficiary required the filing of a motion for new trial. There is good reason to believe that this is all that would have been necessary, for when the judge perceived that Titus was not seeking double recovery for the car damage but, as to this item, was suing for the benefit of Emmco, this would have ended the matter. Had the only loss been car damage, and had there been no insurance, we would not expect to find a plaintiff accepting with alacrity a ruling which totally prevented any recovery from the wrongdoer.
The summary judgment appealed from is affirmed.
HORTON, Acting Chief Judge, and PEARSON, J., concur.