HORTON, Judge.
The petitioners here were plaintiffs below and brought an action in damages for trespass allegedly committed by the respondents upon the petitioners’ property. Paragraph 4 of the petitioners’ complaint alleged as follows:
“4. The Defendants and/or each of them, jointly and/or severally, did commit the described acts of entry upon and damage to the described property unlawfully and willfully, without regard to the property rights of the plaintiffs and/or with full knowledge, actual or constructive, that they had no right so to do, and/or did continue the described acts of trespass, waste and damage after demand to cease and desist and/or after being actually advised of Plaintiffs’ rights.”
These allegations contained in the above paragraph were followed by petitioners’ claim for damages, both compensatory and punitive. The respondent Wright Contracting Company among other things moved to strike paragraph 4 of the complaint and petitioners’ demand for punitive damages on the ground that such allegations were insufficient as a matter of law. After hearing, the trial judge granted the motion, struck paragraph 4 of the complaint, the demand for punitive damages, and, sua sponte, transferred the cause to the Civil Court of Record of Dade County, Florida.
The petitioners here seek a review and quashal of the order striking the questioned paragraph of the complaint, the demand for punitive damages and the transfer of the cause to the civil court of record.
*279 The petition is g-ranted and the questioned order is quashed upon the authority of the rule stated in Hutchinson v. Courtney, 86 Fla. 556, 98 So. 582, and Griffith v. Shamrock Village, Fla.1957, 94 So.2d 854. Under the rule announced in the above cases, the allegations and claim as to punitive damages appear sufficient. Whether the petitioners can prove the allegations or whether the same should be submitted to a jury on the question of punitive damages under the evidence to be adduced, is not before us. We merely determine that the allegations of paragraph 4 of the complaint sufficiently allege facts that warrant and support a demand for punitive damages.
Accordingly, the order striking paragraph 4 of the petitioners’ complaint, the demand for punitive damages, and transferring the cause of action to the civil court of record, is quashed.