199 So.2d 750 (1967)
Rose G. MENDOZA, Petitioner,
v.
John J. FARRELL, M.D., and Nancy Johnson, Respondents.
No. 66-647.
District Court of Appeal of Florida. Third District.
June 6, 1967.
*751 Frederic Hofmann and Philip Carlton, Jr., Miami, for petitioner.
Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell and W. Sam Holland, Miami, for respondents.
Before HENDRY, C.J., and CHARLES CARROLL and SWANN, JJ.
PER CURIAM.
This is an appeal by the plaintiff below from an order of the circuit court of Dade County transferring this law action to the civil court of record. At the outset we note the contention of the appellees that the transfer order is not appealable. We treat the appeal as a petition for certiorari, as provided for in § 59.45 Fla. Stat., F.S.A. Tantillo v. Miliman, Fla. 1965, 87 So.2d 413; Kautzman v. Bandler, Fla.App. 1960, 118 So.2d 256; Easley v. Garden Sanctuary, Inc., Fla.App. 1960, 120 So.2d 59, 78 A.L.R.2d 1199; Wishman v. Foster and Curry Industries, Inc., Fla.App. 1962, 145 So.2d 278, 279.
The petitioner Rose G. Mendoza filed her amended complaint against the respondents John J. Farrell, M.D., and Nancy Johnson, for alleged trespass and assault and for personal injuries resulting therefrom, seeking compensatory and punitive damages. In substance, the amended complaint alleged that while the plaintiff was in peaceful possession of her residence with her three minor children, the defendants, at approximately 9:30 o'clock P.M. on a certain date, approached her house "shouting and banging on the door, loudly demanding that plaintiff open the door and permit them to enter;" that she refused, and ordered the defendants to leave her premises; that the defendants continued to yell at and curse the plaintiff and to pound upon and kick the door, and "threatened to `break plaintiff's neck' and inflict other physical violence and bodily injury upon her;" that the defendants proceeded with force to break open the door and enter her house; that said acts occurred in the presence of her children, and were "accompanied throughout by vile and obscene profanity, vulgarities and threats shouted and hurled at plaintiff and her children by the defendant;" that said acts caused plaintiff to become "sick, frightened, nervous and upset" and to feel insecure and unsafe in her home; and that such acts of the defendants were done "willfully, maliciously, unlawfully and violently with wanton disregard of the rights of plaintiff." The plaintiff claimed compensatory and punitive damages in an amount in excess of $5,000.
The defendants filed a motion to dismiss and in the alternative for transfer of the cause to the small claims court. The circuit judge did not grant the motion to dismiss, but ordered the cause transferred to the civil court of record of Dade County, on the stated ground "that this cause does not meet the jurisdictional requirements of this court."
The brief of the respondents concedes "Florida follows the rule that the jurisdiction of a court is to be determined by the sum in good faith demanded and not by the recovery." This conforms to the rule announced repeatedly by the Supreme Court, stated in A. Mortellaro & Co. v. Atlantic Coast Line R. Co., 91 Fla. 230, 107 So. 528, 530, as follows: "The jurisdiction of the court is to be determined by the sum in good faith demanded or actually put in controversy, and not by the amount of the recovery."
The basis on which the court concluded the complaint did not meet its $5,000 minimal jurisdictional requirement was not disclosed in the order. It is apparent that the circuit judge did not hold the amended complaint failed to state a cause of action for trespass and assault. Had he so held, there would have been no need to transfer the cause to the civil court of record, and an order granting the motion to dismiss would have been indicated. We assume, therefore, the circuit judge was of the opinion that the amended complaint did not present a basis for claiming punitive damages, *752 and that without punitive damages the facts alleged as to trespass and assault were not such as would permit a good faith demand for damages in excess of $5,000.
Punitive damages may be recovered for a trespass[1] and for an assault,[2] against one who in the performance thereof has acted with malice, moral turpitude, wantonness, willfulness or reckless indifference to the rights of others.[3]
As the amended complaint in this case contained allegations of willfulness, wantonness, maliciousness, etc., and stated facts sufficient to justify those allegations, there would appear to have been no valid basis for the trial judge to conclude that damages in excess of $5,000 could not in good faith be claimed. Hutchinson v. Courtney, 86 Fla. 556, 98 So. 582.
This is so, because in a case in which punitive damages are recoverable, their allowance or disallowance is within the discretion of the jury, which may award them "as `smart money' against the defendant by way of punishment or example as a deterrent to others inclined to commit similar wrongs," and in the assessment thereof to accomplish such purposes the jury may take into consideration the financial worth of the defendant or defendants. Winn & Lovett Grocery Co. v. Archer, 126 Fla. 308, 171 So. 214, 221-222; Lehman v. Spencer Ladd's, Inc., Fla. 1966, 182 So.2d 402.
For the reasons stated we hold that the circuit court was in error in rejecting jurisdiction, and the order transferring the cause to the civil court of record is hereby quashed.
It is so ordered.
NOTES
[1] Hutchinson v. Courtney, 86 Fla. 556, 98 So. 582, 583; Young v. Cobbs, Fla. 1955, 83 So.2d 417, 420; Wishman v. Foster and Curry Industries, Inc., Fla.App. 1962, 145 So.2d 278, 279. See also 52 Am.Jur., Trespass, § 357 and 32 Fla.Jur., Trespass, § 15.
[2] Anderson v. Maddox, Fla. 1953, 65 So.2d 299, 301; Bryson v. Swank, Fla.App. 1964, 166 So.2d 833; Wrains v. Rose, Fla.App. 1965, 175 So.2d 75, 78. Cf. Winn & Lovett Grocery Co. v. Archer, 126 Fla. 308, 171 So. 214. See 6 Am.Jur.2d Assault and Battery, § 187; 3 Fla. Jur., Assault and Battery, § 27; and Annot. 16 A.L.R. 773.
[3] Winn & Lovett Grocery Co. v. Archer, supra.