PER CURIAM.
The appellant insurance company has appealed from a declaratory judgment rendered in a suit filed by the appellee insured. The trial court held that the appellee was entitled to receive total disability benefits under the policy, granted judgment for amounts due to date of the judgment, and provided that the appellee “is to receive all future benefits as provided for in said policy in the amount of $200 per month from the date of this order”.
For the disability involved, the policy by its terms provided for payment of $200 per month for two years. The effective date for the start of such payments was held to be March 25, 1968. The judgment was entered December 4, 1968. Thus the. period for future payments to which the trial court held the insured was entitled would extend to two years from March 25, 1968, in the absence of a showing that such disability terminated sooner.
In 1960, while employed as a police officer by the City of Miami, the insured sustained a back injury. After some weeks of treatment he resumed his duties, and so continued until June of 1966, at which time he underwent an operation for which he was hospitalized until August 29, 1966. Following a period of convalescence he returned to full duty in February of 1967, and during that month applied to the appellant insurance company for a disability policy. Based on such application the policy involved here was issued to him in April of 1967. Approximately one month after issuance of the policy, he applied to the city for retirement for “accidental disability,” based on the 1960 accident. His application was approved and the city retired him on that basis at two thirds pay, in February of 1968.
The appellant argues that the trial court erred in not construing the policy to require a showing by the insured that the disability established was a result of some physical change or impairment occurring after the issuance of the policy, whereas here the disability for which he was retired by the city was caused by his 1960 injury. However, material to this case is a waiver contained in the policy, as follows: “The requirement that conditions resulting in losses for which benefits are payable under this policy must originate after the effective date of this policy is hereby waived;” (with certain stated exceptions not applicable here). That express waiver in the policy deprives the appellant’s argument of any force, and it served to permit, if in fact it did not operate to invite what happened in this instance. The remaining contentions of the appellant have been considered in the light of the record and briefs and are found to be without merit.
Affirmed.