PER CURIAM.
These appeals are from a final judgment and from an order denying appellant’s motion to vacate the final judgment. They have been consolidated for all appellate purposes. The appellant, Continental Casualty Company, was the defendant in the trial court and suffered a final judgment pursuant to a jury verdict. The judgment was based upon a disability insurance policy issued to the appellee, John P. Suggs, who was employed as a City of Miami policeman when the policy was issued.
In 1962 the appellee was involved in two automobile collisions during the course of his employment. In each instance he went to the hospital and was checked, referred to a doctor, took treatment, and lost a few days of work. The policy of insurance became effective on the First of January 1966. During Christmas week of 1966 appellee experienced pain in his neck; he went to a physician and was hospitalized in January 1967. He returned to work but had difficulty performing his duties. His physicians advised him to apply for disability retirement. Thereafter he was examined by the physicians for the Police Pension Board and found to be disabled. *531 Appellee then applied to appellant for permanent disability benefits.
The only substantial question presented by this appeal is whether appellee’s disability, which the appellee attributed to a development from the 1962 automobile collisions, must be considered an injury[1] within the meaning of the disability insurance policy (and hence not compensable) or whether the disability may be considered a sickness [2] (and hence compensable).
We hold that the disability was caused by sickness. See Continental Casualty Company v. Gold, Fla.1967, 194 So.2d 272, 275. In view of the lapse of time involved between the auto collisions and the subsequent disability we hold that the trial court properly refused to rule as a matter of law that appellee was precluded from recovery under the provision quoted.
In addition we have recently had occasion to consider the effect of a waiver contained in a similar policy. See Occidental Life Insurance Co. of N. C. v. Lazzaro, Fla.App.1969, 227 So.2d 228. The jury may have found a waiver of appellant’s position from the following provision in the instant policy:
No claim for disability (as defined in the policy) shall be reduced or denied on the ground that a disease or physical condition not excluded from coverage by name or specific description effective on the date of loss had existed prior to the effective date of coverage of this policy.
By granting appellee’s instruction number three the court implicitly ruled that the foregoing provision of the policy, considered together with a brochure presented to the appellee prior to the issuance of the policy, created an issue concerning a waiver of the appellant’s right to assert that the appellee’s disability was not covered. There is adequate support in the record for a jury finding that the appellant did make such a waiver.
For these reasons we hold that no error was committed in allowing recovery under the terms of this policy.
Appellant has presented a claim that the circuit court lacked jurisdiction to determine this cause. This claim was presented to the circuit court only after the trial of the cause and was properly denied, inasmuch as it appears that the amount put into controversy in good faith was more than $5,000. See Mendoza v. Farrell, Fla.App.1967, 199 So.2d 750.
We have considered the additional points set forth by the appellant and hold that they do not present reversible error.
Affirmed.

. “Injury” means bodily injury caused by an accident occurring while this policy is in force and resulting directly and independently of all other causes in loss covered by this policy.

. “Sickness” means sickness or disease causing loss commencing while this policy is in force; provided, however, that any total disability incurred by the insured during the first 12 months following the effective date of this policy shall not be covered hereunder if such total disability results from sickness or disease for which the insured received treatment or recommendation for treatment by a currently licensed physician or surgeon during the 12-montli period immediately preceding the effective date of this policy.