HENDRY, Judge.
Appellant-plaintiff Suggs seeks review of those portions of a final judgment, entered after a non-jury trial of his action to recover disability insurance benefits, which *244 disallowed lifetime disability benefits and awarded $1,600.00 as a reasonable attorney’s fee. The appellee-defendant Occidental Life Insurance Company of North Carolina has filed a cross-appeal, and seeks review of those portions of the same final judgment which awarded $4,800.00 as disability benefits and which dismissed its counterclaim for rescission. Appellant has appeared before this court in Continental Casualty Co. v. Suggs, Fla.App.1970, 231 So.2d 530.
The lower court found
“ . . . [Tjhat Plaintiff became totally disabled within the meaning of the policy on November 9, 1967, and that such disability continued for two years following the elimination period. The Court further finds that Plaintiff’s disability commenced more than 90 days after any accidents suffered by Plaintiff and that Plaintiff is not totally disabled within the policy definition following twenty-four months of disability. Accordingly, recovery by plaintiff is limited to monthly indemnity for two years.”
On March 20, 1967, Suggs, who was then fifty-two years old, was a Miami police officer, who had been transferred to the automobile inspection station. He was transferred after having been a combat sergeant on the force because of whiplash injuries sustained in three car accidents in 1962 and 1963. On March 20, 1967, he applied to the City of Miami Retirement Board for accidental disability retirement as an officer, and he also applied for a paycheck disability insurance policy then being offered to all full-time city employees by the appellee Occidental Life Insurance Company. An insurance brochure was given to him. He testified that he told Occidental Life’s insurance representative at that time of his accident-related problems.
The policy provision defining “total disability” is as follows:
“ ‘Total disability’ means the complete inability of the Insured to perform the duties of his regular occupation, except that if indemnities have been paid for twenty-four months of any continuous disability, then for the balance of the period of disability after the said period of twenty-four months ‘total disability’ shall mean the complete inability of the Insured to perform the duties of any occupation for which he is reasonably fitted by education, training and experience.”
The policy provision concerning pre-exist-ing conditions is:
“ENDORSEMENT TO EXTEND POLICY COVERAGE TO INCLUDE PRE-EXISTING CONDITIONS
“. . . [T]his policy is hereby amended as follows:
“The requirement that conditions resulting in losses for which benefits are payable under this policy must originate after the effective date of this policy is hereby waived; * * *”
Certain exceptions to the waiver of preexisting conditions are made, but they are not relevant here.
The appellant contends that the court erred in holding that he was limited to monthly indemnity for two years, and was totally disabled, under the provisions of the policy, for his life expectancy. He argues, on the basis of medical testimony and an administrative board determination, that he was totally disabled on November 9, 1967, and that a specific policy provision allows for recovery of pre-existing total disability, because the policy contains an ambiguous definition of “total disability.” He also contends that the $1,600.00 awarded as a reasonable attorney’s fee was inadequate.
The appellee asserts that the record supports the court’s finding that Suggs’ disability commenced more than ninety days after any accidents suffered by him, and that he was not totally disabled within the policy definition following twenty-four months of disability. These findings, continues the appellee, resulted in appellant’s recovery being limited to two years’ *245 monthly indemnity, and that the award of fees was commensurate with that recovery. The appellee on cross-appeal urges that the court erred in failing to find that Suggs did not become disabled during the life of the policy and in failing to grant its counterclaim for rescission. We find these contentions on cross-appeal to be without merit.
We have considered the arguments presented, and have examined the record. We have paid particular attention to the definition of “total disability” and the waiver endorsement allowing policy coverage to include pre-existing conditions. Therefore, we express the view that the findings of fact by the trial judge sitting as the trier of the facts is fully supported by competent substantial evidence. The judgment of the trial is supported in law by Continental Casualty Co. v. Suggs, supra, and Occidental Life Insurance Company of North Carolina v. Lazzaro, Fla.App.1969, 227 So.2d 228.
The judgment in all respects is affirmed.
Affirmed.