PER CURIAM.
Plaintiff, Onkar Singh Narula, appeals an order transferring this cause to the county court for lack of jurisdiction over the subject matter.
Plaintiff filed a complaint in the Dade County circuit court, alleging that he brought his car in to the defendant, Orange Motors of Miami, Incorporated, for repairs, and while the car was on Orange Motor’s premises, the keys were stolen. Orange Motors replaced the stolen keys with a hideaway ignition key which they found under the hood of the car, but failed to so advise the plaintiff when he picked up his car. Subsequently, the automobile was stolen from the plaintiff’s residence. In the complaint the plaintiff sought compensatory damages for the loss of the automobile valued at $6,800, rental car payments of $271.44, loss of personal articles in the car of approximately $50, plus punitive damages.
It is undisputed that the plaintiff’s insurance company paid him the full $6,800 for the loss of' his car, and that upon payment, the plaintiff transferred title to his automobile to the insurance carrier. The insurance company also paid the rental car bill of $271.44. This left the $50 claim for personal property and the claim for punitive damages. On motion of the defendant, the circuit judge entered an order transferring the cause to the county court because having been paid once for the loss of the car, the plaintiff’s recoverable damages were not within the circuit court’s jurisdiction which is in excess of $2,500. We reverse.
In Titus v. Emmco Insurance Company, Fla.App.1959, 109 So.2d 781, where the insured had been paid for a particular loss under his policy of insurance, by his own insurer, he nevertheless brought suit in his own name against the third party tort fea- *1002 sor to recover his damages, including those damages already paid by his own insurer. . . [H]ad there been no insurance, we would not expect to find a plaintiff accepting with alacrity a ruling which totally prevented any recovery from the wrongdoer.” Titus v. Emmco Insurance Company, supra, at 782. In the opinion, this court pointed out, however, that there is a fiduciary relationship between the insured and his insurer, to whom he owes an accounting under the subrogation clause of his insurance policy. As stated in De Cespedes v. Prudence Mutual Casualty Company of Chicago, Illinois, Fla.App.1966, 193 So.2d 224, 227, quoting 16 Couch, Cyclopedia of Insurance Law, § 61.18 (2nd Ed. 1964),
“ ‘. . . a wrongdoer who is legally responsible for the harm should not receive the windfall of being absolved from liability because the insured had the foresight to obtain, and had paid the expense of procuring, insurance for his protection
Reversed.