KEHOE, Judge.
Appellants, plaintiffs below, bring these consolidated appeals from an order entered by the circuit court transferring the cause to the county court. We reverse.
In 1968, appellants won a free cruise on a ship owned by appellee, defendant below. After setting a cruise date of August 27, 1968, with appellee, appellants made preparations for what was to be their honeymoon cruise. Twenty-two days before sailing, ap-pellee notified appellants that the ship could not sail because it was in dry-dock for repairs. Subsequently, appellants filed suit for compensatory and punitive damages.
In their complaint, among other things, appellants alleged that the ship on which they were scheduled to sail on August 27, 1968, did sail, as also did a substitute ship on the same date. Appellants further alleged that they were “bumped” from passage in favor of paying customers on these two ships. As a result of appellee’s conduct, appellants’ complaint sought both compensatory damages for breach of contract and punitive damages for appellee’s tortious conduct.
Appellants’ complaint survived appellee’s motion to dismiss; however, on the day of trial, after appellants stipulated that their claim for compensatory damages did not exceed the minimum jurisdictional limits of the circuit court, the trial judge ruled that appellants could not maintain their action for punitive damages and issued an order transferring the cause to the county court. From this order dated February 15, 1977, appellants appeal.
Prior to entering the order appealed, the trial judge required appellants to proffer *57 proof in regard to their tort allegations. Appellants made such a tender, and, after the trial judge received it, he ruled, sua sponte, that the matter should be transferred to the county court.
In our opinion, the trial court erred. We believe that the complaint set forth in good faith an independent cause of action in tort for damages in excess of the minimum jurisdictional amount of the circuit court. We note that the complaint survived appellee’s motion to dismiss. Because the complaint was properly before the circuit court, the trial judge had no authority to require the proffer by appellants and then rule that they could not proceed. Having properly set forth a cause of action in tort meeting the jurisdictional requirements of the circuit court, appellants were entitled to proceed with their cause of action in the court. See, e. g., Griffith v. Shamrock Village, Inc., 94 So.2d 854 (Fla.1957); Anderson v. Burwell Motor Co., 73 So.2d 822 (Fla.1954); Country Club of Miami Corp. v. McDaniel, 310 So.2d 436 (Fla. 3d DCA 1975; Mendoza v. Farrell, 199 So.2d 750 (Fla. 3d DCA 1967); and Brown v. Cahill, 157 So.2d 871 (Fla. 3d DCA 1963). Accordingly, the order entered by the circuit court transferring the cause to the county court is quashed, and the cause is remanded for further proceedings consistent with this opinion.
Reversed.