ERVIN, Chief Judge,
concurring in part and dissenting in part.
I concur in all aspects of the majority’s opinion, except that portion holding that appellant’s action cannot be allowed to proceed in the circuit court in order for him to establish a predicate for a possible claim request before the legislature. If I correctly understand the majority’s position, it has adopted the appellee’s argument that once the statutory cap authorized by subsection (5) has been exhausted by payment, the circuit court then has no subject matter jurisdiction to enter a judgment for any additional amount. I find nothing in the act barring an injured claimant from seeking a judgment for such excess sum as a preliminary step to filing a claims bill. Section 768.28(10) recognizes that laws exist permitting the state or its agencies to buy insurance[1] “and are not restricted in any *503 way by the terms of this act.” (e.s.) Indeed, this subsection has been interpreted as permitting municipalities that have purchased liability insurance in amounts more than those authorized by section 768.29(5) to have waived its immunity to that extent. Ranger Insurance Co. v. Travelers Indemnity Co., 389 So.2d 272, 276 (Fla. 1st DCA 1980), and compare Ingraham v. Dade Co. School Board, 450 So.2d 847 (Fla.1984).
If one’s right to recover a judgment against a tortfeasor is not restricted in any way by the terms of section 768.28, under circumstances in which a greater amount of liability insurance is available, then I see no reason why a claimant may not seek a judgment establishing all of his damages as a means of reporting the same to the legislature. Indeed, the very language of subsection (5) permits the interpretation that multiple judgments may be recovered, under the terms specified, in excess of $100,000: “However, a judgment or judgments may be claimed and rendered in excess of these amounts and may be settled and paid pursuant to this act up to $50,000 or $100,000, as the case may be, and that portion of the judgment [or judgments] that exceeds these amounts may be reported to the legislature, but may be paid in part or in whole only by further act of the legislature.” (e.s.) The act’s provisions place no restriction on bifurcated proceedings — such as here — in which separate judgments may be recovered.
If the Department of Transportation had not insisted on its venue privilege by having the case transferred as to it to Leon County, the cause would in all probability have proceeded in an orderly fashion against all defendants in Polk County.[2] Of course, at the time the Polk County Circuit Court entered its order transferring venue to Leon County, it did not have the benefit of the Florida Supreme Court’s opinion in Board of County Commissioners of Madison County v. Grice, 438 So.2d 392 (Fla.1983), recognizing that the state’s home venue privilege is not absolute in those instances in which a governmental body is sued as a joint tortfeasor, and that a trial judge may, in the exercise of discretion, retain the entire case. If ever a case cried out for the application of the Grice rule, this is it. The unfortunate result below could have been avoided had the case remained unparsed against all defendants in Polk County. Considerations “of justice, fairness, and convenience”, Grice at 395, now reveal that the entire case should have remained there.
It is of course a longstanding rule that the jurisdiction of the court with respect to the amount involved does not depend upon the amount of damages actually recoverable as a matter of law, but is determined by the sum demanded in good faith or actually placed in controversy. Sumner Lumber Co. v. Mills, 64 Fla. 513, 60 So. 757 (1913); Hutchinson v. Courtney, 86 Fla. 556, 98 So. 582 (1923). Thus, if the jurisdictional amount of the circuit court is satisfied by the amount asserted in the complaint, jurisdiction is not lost even if before trial the plaintiff is reimbursed by his insurance company for the bulk of the damages he seeks to recover. Narula v. Orange Motors of Miami, Inc., 337 So.2d 1001 (Fla. 3d DCA 1976). The court there stated, quoting 16 Couch, Cyclopedia of Insurance Law, § 61.18 (2nd ed. 1964):
[A] wrongdoer who is legally responsible for the harm should not receive the windfall of being absolved from liability because the insured had the foresight to obtain, and had paid the expense of procuring, insurance for his protection ....
Id. at 1002.
In my judgment the same reasoning should apply here. One of two joint tort-feasors who is legally responsible for harm should not receive the windfall of being *504 absolved from liability because another tortfeasor had the foresight to obtain insurance in excess of the maximum amount provided for in subsection (5), and in fact paid such excess sum before the case proceeded to trial against the other tortfeasor.
What the trial judge below and the Department of Transportation have overlooked is the fact that the provisions of subsection (5), placing a cap on the amounts to be recovered, should be read in pari materia with other provisions of the subsection, making the state its agencies and subdivisions “liable for tort claims in the same manner and to the same extent as a private individual under like circumstances, ...” (e.s.) As authorization exists within the provisions of section 768.28 itself, permitting an aggrieved claimant to satisfy a judgment in excess of the statutory cap provided in subsection (5), as a means of reporting the same to the legislature, the rule of strict construction of statutory waiver of sovereign immunity is inapplicable to the facts of this case. If, then, an action had been brought against two or more non-governmental joint tortfeasors, and one had entered into a settlement agreement with the injured plaintiff, the fact of a release against one of the tort-feasors would not serve to release or discharge the liability of any other person who might be liable for the balance of the claim. See Section 46.015, Florida Statutes (Supp.1980), and Stephen Bodzo Realty, Inc. v. Willits International Corporation, 428 So.2d 225 (Fla.1983). Nevertheless, a release given to one tortfeasor in partial satisfaction of the damages sued for is required to be set off by the court from the amount of any judgment which the plaintiff would be otherwise entitled at the time of the rendering of the judgment. See Section 46.015(2).
There is no reason why the provisions of section 46.015 should not have the same effect upon governmental joint tortfeasors as any other persons, particularly in view of the provisions of section 768.28(5), making the state liable to the same extent as any private person. Given the extraordinary amount of injury that was involved in this case — the deaths of plaintiff’s wife and his two minor children, as well as his own personal injuries — this case should proceed to judgment against the Department of Transportation in Leon County for the full amount of plaintiff’s damages, subject to any right of set off by reason of the amounts previously paid.

. Section 286.28, Florida Statutes (1979), formerly numbered section 455.06, provides that to the extent a state agency purchases liability insurance, the defense of sovereign immunity and the statutory cap on recovery is removed. The statute by its terms excludes incorporated cities and towns, however the statute long antedated section 768.28 which first went into effect on July 1, 1974 as to the executive departments of the state. See § 1, Chap. 74-235 (Laws of Fla.). There should, however, be little doubt now that section 286.28 applies to municipalities as well as all other state agencies or subdivisions. Long before the enactment of the state’s Tort Claims Act, the common law recognized that as to those municipal activities falling into the category of proprietary functions, a municipality was subject to the same tort liability as a private corporation. Commercial Carrier Corporation v. Indian River County, 371 So.2d 1010 (Fla.1979). Indeed, municipalities commonly purchased such insurance before the Tort Claim Act's passage to protect themselves against any negligent proprietary functions. Although there was some confusion as to whether section 768.-28, when first enacted, applied to municipalities, see Attorney General's opinion 076-41, February 23, 1976, the legislative omission was clarified by the 1977 legislative amendment. See preamble, Chapter 77-86, Laws 1977. Moreover the ceiling on money damages recoverable in tort against municipalities has been held constitutional. Cauley v. City of Jacksonville, 403 So.2d 379 (Fla.1981). That portion of section 286.28, excluding municipalities from its application, therefore could be said to have been amended by implication by the provisions of section 768.28. Cf. DeBolt v. Department of Health and Rehabilitative Services, So.2d 221 (Fla. 1st DCA 1983).

. Section 768.28(1), Florida Statutes (1981), provides, inter alia, that an action for negligence against an agency of the state may be brought "where the cause of action accrued.” The application of this provision, however, is limited by section 768.28(14) "only to causes of action which accrue on or after October 1, 1981.” As the injury occurred before October 1, 1981, the amended provisions are inapplicable to appellant’s claim. See Florida Department of Transportation v. Lopez, 415 So.2d 116 (Fla. 3d DCA 1982).