LEHAN, Acting Chief Judge.
Plaintiffs bring a writ of certiorari to this court from the order of the trial court striking from the complaint a claim for punitive damages, striking an allegation that “defendant acted in wilful disregard or indifference of the rights of plaintiffs,” denying plaintiffs the opportunity to amend, and transferring the case to the county court by reason of an insufficient jurisdictional amount. The suit was for damages in excess of $5,000 growing out of defendant bank’s alleged misrepresentation that mortgage financing for plaintiffs as the purchasers under a real estate purchase contract would be provided by the bank in a certain amount and at a certain interest rate. The complaint alleged that shortly before the closing of the purchase the bank withdrew its financing commitment and substituted a commitment for a lesser amount at a higher interest rate. It was further alleged that alternate financing was available to plaintiffs in the amount and at the interest rate to which the bank had originally committed but that, due to the late withdrawal by the bank of its initial commitment, plaintiffs were unable to arrange for such alternate financing and were caused to suffer losses by closing the purchase with a purchase money mortgage which cost plaintiffs more than would have such alternate financing.
We have jurisdiction. See Tantillo v. Miliman, 87 So.2d 413 (Fla.1956); Thibadeau v. Santini Bros., Inc., 315 So.2d 550 (Fla. 4th DCA 1975); Mendoza v. Farrell, 199 So.2d 750 (Fla. 3d DCA 1967); Rocco v. Coffey, 163 So.2d 21 (Fla. 2d DCA 1964).
It appears that the order was entered sua sponte, without notice, and without an opportunity having been given to plaintiffs to present their position.
Respondent argues that the complaint pleaded a cause of action on contract and that punitive damages are not recoverable on a contract claim. See Taylor v. Kenco Chemical & Mfg. Corp., 465 So.2d 581 (Fla. 1st DCA 1985). But the complaint appears to sound in misrepresentation made with wilful disregard for plain *1081 tiffs’ rights and to that extent cannot be said at this pleadings stage to not support a punitive damages claim. See Walsh v. Alfidi, 448 So.2d 1084 (Fla. 1st DCA 1984). There appears to be no basis for a finding that the claim for damages in excess of $5,000 was not made in good faith. See Stabinski v. Windjammer International Corp., 360 So.2d 56 (Fla. 3d DCA 1978); Mendoza v. Farrell, supra. Having in mind also the lack of notice and hearing to plaintiffs, we grant the petition.
We remand for a transfer of the cause back to the circuit court for proceedings consistent herewith.
FRANK and HALL, JJ., concur.