MAKAR, J.,
specially concurring.
I concur in the result in this case, but in doing so note that a possible effect of affirmance of the summary judgment order at issue is to strengthen the case of the insurer, Landmark American Insurance Company, that the property owner— by entering so broad a release of the developer and contractor — may have breached its insurance agreement by impairing the subrogation rights of Landmark under its policy. See, e.g., Galinko v. Aetna Cas. & Sur. Co., 432 So.2d 179 (Fla. 1st DCA 1983) (settlement and release destroys insurer’s right of subrogation; but showing of actual prejudice to insurer is required). Titus v. Emmco Ins. Co., 109 So.2d 781, 782 (Fla. 3d DCA 1959) (affirming summary judgment for insurer where insured violated subrogation agreement in insurance contract thereby preventing insurer from recovering from third party); see generally “Insurer’s Rights Against Parties Who Wrongfully Impair Subrogation Rights Via Settlement And Release; Denial of Unpaid Insurer’s Claim Under Policy”, 16 Steven Plitt, et al., Couch on Insurance § 224:136 (3d ed. 2011) (“As a general rule, an insured who deprives an insurer, by settlement and release, of its right of subrogation against a wrongdoer, thereby provides the insurer with a complete defense to. an action on the policy, unless the insurer has committed a prior breach.”) (citations omitted). Whether Landmark can prove its case is another matter, one that is based on disputed facts to be resolved in light of the preclusive effect of the summary judgment order to bar the insurer from seeking recovery from the developer and contractor.